Docket No. 102017.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. CHARLES HARRIS, Appellant.

*Opinion filed January 19, 2007.*

CHIEF JUSTICE THOMAS delivered the judgment of the court, with opinion.

Justices Freeman, Fitzgerald, Kilbride, Garman, Karmeier, and Burke concurred in the judgment and opinion.

## OPINION

Defendant, Charles Harris, was convicted of first degree murder. The circuit court of Champaign County sentenced him to 55 years' imprisonment. While his direct appeal was pending, defendant filed a *pro se* petition under the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122–1 *et seq*. (West 2002)). The trial court summarily dismissed the petition as frivolous and patently without merit. The Appellate Court, Fourth District, affirmed. No. 4–02–1005 (unpublished order under Supreme Court Rule 23). We granted defendant's petition for leave to appeal (210 Ill. 2d R. 315), and we now affirm.

BACKGROUND

On May 17, 1999, defendant was convicted of the first degree murder of Barry Robinson. Defendant's trial attorney, Malcolm Barnes, filed a posttrial motion and a motion to withdraw as counsel, and defendant moved *pro se* for a new trial, withdrawal of counsel, and appointment of new counsel. The trial court granted Barnes' motion to withdraw as counsel, and defendant obtained private counsel. Defendant then filed an amended posttrial motion. Following a hearing, the trial court denied all of defendant's motions. In September 1999, the trial court sentenced defendant to 55 years' imprisonment.

On August 30, 2002, defendant placed a *pro se* petition for postconviction relief in the mail, and it was file stamped on September 4, 2002. In the petition, defendant noted that the three-year statute of limitations for filing a postconviction petition was set to expire on September 1, 2002, and that his direct appeal still had not been decided. He raised the following claims in the petition: (1) he was denied his constitutional right to an unbiased jury when the trial court and counsel failed to propound *voir dire* questions that would expose juror biases towards illegal drugs, drug users, and drug dealers; (2) trial counsel was ineffective in numerous respects; (3) he was denied a fair trial by the prosecutor's use of peremptory challenges to dismiss jurors on the basis of race; (4) he was denied a fair trial because of a violation of *Brady v. Maryland*, 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194 (1963); (5) he was denied due process and a fair trial by the cumulative and synergistic effects of claims one through four; and (6) he received ineffective assistance of appellate counsel when appellate counsel failed to timely file a brief and also failed to raise several issues. In the petition's conclusion and prayer for relief, defendant requested that the court: (1) set a date to resolve preliminary matters; (2) grant him sufficient time and leave to amend and/or supplement the petition; (3) grant him authority to obtain subpoenas for discovery; (4) appoint counsel to represent him; (5) order an evidentiary hearing; and (6) enter any other appropriate order.

Attached to the petition were several documents. Defendant attached his own affidavit, in which he denied any knowledge of sting operations involving the murder victim. He also listed several shortcomings of his trial attorney, including a complaint that the

attorney did not interview and present the testimony of eight witnesses who could have helped his case. He listed the proposed witnesses and what he believed they would have testified to. Additionally, he attached documents purporting to be affidavits from these eight witnesses, but none of them were signed. Defendant explained that he had mailed the proposed affidavits to these witnesses, but that no one had signed them and mailed them back. He claimed, however, that no one had expressly refused to sign the affidavits. He also attached documents to support his claim that trial counsel was ineffective for failing to explore an undisclosed deal that the State had with witness Billy Mullins. The documents showed that a petition to revoke Mullins' probation had been dismissed.

On September 27, 2002, the trial court summarily dismissed the petition, finding it frivolous and patently without merit. The court explained its findings in a written order. In addition to finding all of the claims substantively without merit, the trial court noted that the petition was not properly supported by "affidavits, records, or other evidence" as required by section 122–2 of the Act (725 ILCS 5/122–2 (West 2002)). The court found that the purported affidavits did not qualify as affidavits under the Act because they were unsigned; rather, they were merely what defendant wanted these people to say. Addressing defendant's claim of ineffective assistance of appellate counsel, the trial court wrote the following:

> "In claim number six, the Petitioner alleges a substantial violation of his constitutional rights when he was denied effective assistance of appellate counsel. Since this matter is still on appeal and there has been no ruling or holding by the Fourth District Appellate Court, this court does not know if appellate counsel is or was ineffective. Also, the court would note that since a number of allegations of ineffective assistance of appellate counsel were that appellate counsel did not raise some of the previously alleged errors of trial counsel, the court cannot find appellate counsel ineffective if trial counsel was not found ineffective."

Defendant appealed, and the appellate court ordered the appeal stayed pending resolution of the direct appeal. On October 19, 2004, the appellate court decided defendant's direct appeal. *People v. Harris*, No. 4–99–0800 (2004) (unpublished order under Supreme

-3-

Court Rule 23). In the direct appeal, the court affirmed defendant's conviction and sentence. The stay was then lifted, and the court decided the appeal from the dismissal of defendant's postconviction petition on November 17, 2005. No. 4–02–1005 (unpublished order under Supreme Court Rule 23).

The appellate court first addressed defendant's argument that the trial court erred in summarily dismissing his petition while his direct appeal was pending. According to the defendant, the trial court either should have (1) held the petition in abeyance until the conclusion of the direct appeal; or (2) dismissed the petition without prejudice, with leave to file a new petition when the direct appeal had concluded. Defendant relied on *People v. Williams*, 308 Ill. App. 3d 567 (1999), a decision of the Appellate Court, Fifth District. In *Williams*, the court reversed a trial court's summary dismissal of a postconviction petition that had been filed before briefs had been filed in the direct appeal. The trial court in that case found that the petition was patently without merit and that the petition's allegations related to issues that should be addressed on direct appeal. The Fifth District held:

> "[T]he trial court would have better served the interests of justice by holding the petition in abeyance until appellate counsel filed a brief in the direct appeal or by dismissing the petition 'without prejudice,' thus allowing defendant the opportunity to refile his postconviction petition once he determined what issues were raised by his counsel in the direct appeal." *Williams*, 308 Ill. App. 3d at 571-72.

In this case, the Fourth District disagreed with *Williams*. First, the court noted that section 122–2.1(a)(2) of the Act (725 ILCS 5/122–2.1(a)(2) (West 2002)) does not contemplate dismissals without prejudice. If the circuit court determines pursuant to its initial review that the petition should be dismissed, that dismissal order is a final judgment. 725 ILCS 5/122–2.1(a)(2) (West 2002). The court also noted that, in an earlier opinion, the Fifth District had rejected the proposition that a summary dismissal may be based solely on the pendency of a direct appeal; rather, a dismissal must be based on the specific allegations contained in the petition. See *People v. Edsall*, 94 Ill. App. 3d 469, 473 (1981). As for holding the petition in abeyance, the court noted that the Act contained no provision barring a trial court from considering a petition while a direct appeal of the

conviction is pending. The court held that it may be reasonable to hold a petition in abeyance when a direct appeal is pending but rejected defendant's contention that the trial court is required to do so. Rather, the court held that this was a matter within the trial court's discretion.

The court next addressed defendant's contention that the trial court erred in dismissing the petition a mere 23 days after it was file stamped, while ignoring defendant's request for a continuance, for leave to amend, and for subpoena authority for discovery. The court held that defendant's requests were merely general requests that are contained in postconviction petitions, and that defendant did not specify how much time he needed or why he needed a continuance or leave to amend. Moreover, the court believed that it would be a waste of judicial resources to require trial courts, during first-stage review, to rule on every general request by a defendant in a postconviction petition. The court noted that trial courts are required to determine within 90 days whether the petition is frivolous or patently without merit and that defendants should not be able to use general requests for continuances or leave to amend to circumvent that requirement. The court also found no error in the trial court's not waiting the full 90 days to dismiss the petition.

The defendant contended on appeal that one of his claims stated the gist of a meritorious claim and thus his petition should have proceeded to the second stage. Defendant argued that his claim that defense counsel was ineffective for failing to interview and present the testimony of eight witnesses stated the gist of a meritorious claim. The court disagreed with defendant, holding that defendant's failure to attach affidavits from the proposed witnesses was fatal. Thus, the court concluded that defendant's petition was frivolous and patently without merit.

Finally, the court addressed defendant's claim that the trial court failed to address his ineffective assistance of appellate counsel claims. The court held that the trial court did address those claims and specifically explained why they were frivolous and patently without merit. Accordingly, the court affirmed the summary dismissal of defendant's postconviction petition.

ANALYSIS

Defendant raises the following issues: (1) whether the appellate court erred in holding that the trial court had no duty either to hold the postconviction petition in abeyance or dismiss it without prejudice because defendant's direct appeal was still pending; (2) whether the trial court erred in dismissing the petition within 23 days and without ruling on defendant's requests for leave to amend, a continuance, additional discovery, and subpoena power; (3) whether review by this court is premature because all claims of ineffective assistance of appellate counsel have not been reviewed by the circuit court or the appellate court; and (4) whether the petition stated the gist of a meritorious claim for ineffective assistance of trial counsel regarding counsel's failure to interview and present witnesses.

Standard of Review

When a postconviction petition is dismissed without an evidentiary hearing, our review is *de novo*. *People v. Lander*, 215 Ill. 2d 577, 583 (2005). Additionally, the proper interpretation of the Act is a question of law that we review *de novo*. *People v. Brooks*, 221 Ill. 2d 381, 388 (2006). The Act vests the decision whether to allow leave to amend in the discretion of the circuit court. 725 ILCS 5/122–5 (West 2002). Accordingly, we will reverse a trial court's ruling on a motion for leave to amend only when there is an abuse of that discretion. See *People v. Williams*, 256 Ill. App. 3d 445, 449 (1993), *aff'd*, 171 Ill. 2d 475 (1996).

Pending Direct Appeal

Defendant first argues that the trial court erred when it summarily dismissed his petition with prejudice while the direct appeal of his conviction was pending. Defendant contends that he filed his petition while the direct appeal was pending only because the statute of limitations was about to run. Moreover, his petition raised a claim of ineffective assistance of appellate counsel and also included a general request for leave to amend. According to defendant, because his direct appeal was pending, it was premature for the trial court to rule on the merits of the petition because the court could not have known whether defendant would need to amend the petition to address the brief his

appellate lawyer would eventually file. Defendant relies on *Williams*, another case in which a postconviction petition was filed before the defendant's brief was filed in the direct appeal. In that case, the court held that the petition should have been held in abeyance until the brief was filed in the direct appeal or dismissed without prejudice with leave to refile once the direct appeal brief was filed. We disagree with defendant's argument and find no error in the trial court's dismissal order.

Initially, we review basic procedure under the Act. The Act provides a procedural mechanism in which a convicted criminal can assert "that in the proceedings which resulted in his or her conviction there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both." 725 ILCS 5/122–1(a) (West 2002). Postconviction proceedings are not a continuation of, or an appeal from, the original case. *People v. Flowers*, 208 Ill. 2d 291, 303 (2003). Rather, a postconviction proceeding is a collateral attack upon the prior conviction and affords only limited review of constitutional claims not presented at trial. *People v. Greer*, 212 Ill. 2d 192, 203 (2004). The scope of the proceeding is limited to constitutional matters that have not been, nor could have been, previously adjudicated. Any issues that could have been raised on direct appeal, but were not, are procedurally defaulted, and any issues that have previously been decided by a reviewing court are barred by *res judicata*. *People v. Rissley*, 206 Ill. 2d 403, 412 (2003).

The legislature has frequently amended the statute of limitations for filing a postconviction petition. The version in effect at the time defendant filed his petition provided as follows:

> "No proceedings under this Article shall be commenced more than 6 months after the denial of a petition for leave to appeal or the date for filing such a petition if none is filed or more than 45 days after the defendant files his or her brief in the appeal of the sentence before the Illinois Supreme Court (or more than 45 days after the deadline for the filing of the defendant's brief with the Illinois Supreme Court if no brief is filed) or 3 years from the date of conviction, whichever is sooner, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence." 725

ILCS 5/122–1(c) (West 2002).[1]

In noncapital cases, the Act provides a three-stage process for the adjudication of postconviciton petitions. *People v. Boclair*, 202 Ill. 2d 89, 99 (2002). At the first stage, section 122–2.1 directs the circuit court to independently assess the substantive merit of the petition. 725 ILCS 5/122–2.1 (West 2002). If the court finds that the petition is "frivolous" or "patently without merit," the Act requires that the court dismiss it, and this dismissal is a final order. 725 ILCS 5/122–2.1(a)(2) (West 2002). A postconviction petition is frivolous or patently without merit when its allegations, taken as true and liberally construed, fail to present the gist of a constitutional claim. *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). Additionally, section 122–2 of the Act requires that the petition have attached thereto "affidavits, records, or other evidence supporting its allegations" or explain why they are not attached. 725 ILCS 5/122–2 (West 2002). The failure to comply with section 122–2 is fatal and by itself justifies the petition's summary dismissal. *People v. Collins*, 202 Ill. 2d 59, 66 (2002). If the petition is not dismissed at this stage, it advances to the second stage (725 ILCS 5/122–2.1(b) (West 2002)), where the court may appoint counsel and the State may move to dismiss the petition (725 ILCS 5/122–4, 122–5 (West 2002); *Edwards*, 197 Ill. 2d at 245-46). If at the second stage a substantial showing of a constitutional violation is

[1]The Act's statute of limitations has been amended again, and the current version for noncapital cases provides that "[w]hen a defendant has a sentence other than death, no proceedings under this Article shall be commenced more than 6 months after the conclusion of proceedings in the United States Supreme Court, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence. If a petition for certiorari is not filed, no proceedings under this Article shall be commenced more than 6 months from the date for filing a certiorari petition, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence. If a defendant does not file a direct appeal, the post-conviction petition shall be filed no later than 3 years from the date of conviction, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence." 725 ILCS 5/122–2.1(c) (West 2004). The parties agree that this statute does not apply to this case. The applicable statute of limitations for a postconviction petition is the one in effect at the time the petition is filed. See *People v. Bates*, 124 Ill. 2d 81, 85-86 (1988).

established, the petition proceeds to the third stage for an evidentiary hearing. 725 ILCS 5/122–6 (West 2002).

There is no provision in the Act barring a postconviction case from proceeding at the same time as a direct appeal. The legislature has amended the Act's limitations period many times, but has never enacted a provision stating that the petition may not be filed while a direct appeal of the conviction is proceeding.[2] In fact, the opposite is true. In the version of the statute of limitations under consideration, the determining date for the filing of the petition is the soonest of three dates, and two of them are (1) three years after conviction; and (2) "45 days after the defendant files his or her brief in the appeal of the sentence before the Illinois Supreme Court." 725 ILCS 5/122–1(c) (West 2002). This statutory language led this court to conclude in *Rissley* that "the legislature removed any doubt that postconviction petitions must sometimes be filed before the termination of proceedings on direct appeal." *Rissley*, 206 Ill. 2d at 415.

In addition to there being no provision in the Act prohibiting a postconviction petition from being filed while a direct appeal is pending, this court has already determined that postconviction proceedings and direct appeals may proceed at the same time. In *People v. Partee*, 125 Ill. 2d 24, 35 (1988), this court stated that "[s]ince a collateral attack upon a judgment is a case separate and apart from the case in which the judgment has been attacked, it has been held that the availability or pendency of a direct appeal will not affect the ripeness of a claim for post-conviction or post-judgment relief." The *Partee* court cited with approval *People v. Edsall*, 94 Ill. App. 3d 469 (1981), which the appellate court in the present case relied upon, and *People v. Alfano*, 95 Ill. App. 3d 1026 (1981). *Partee*, 125 Ill. 2d at 35-36. In *Edsall*, the appellate court stated that

---

[2]An example of a state postconviction statute containing such a provision is Oregon's, which states that "[t]he failure of petitioner to have sought appellate review of the conviction, or to have raised matters alleged in the petition at the trial of the petitioner, shall not affect the availability of relief under ORS 138.510 to 138.680. But no proceeding under ORS 138.510 to 138.680 shall be pursued while direct appellate review of the conviction of the petitioner, a motion for new trial, or a motion in arrest of judgment remains available." Or. Rev. Stat. §138.550 (2005).

it could find no provision in the Act "barring a trial court from considering a post-conviction petition while a direct appeal of petitioner's criminal conviction is pending." *Edsall*, 94 Ill. App. 3d at 473. Because there was no such provision, the court concluded that "a trial court's dismissal of a petition without an evidentiary hearing must be based upon the specific allegations appearing in the petition." *Edsall*, 94 Ill. App. 3d at 473. *Alfano* dealt with a petition filed under section 72 of the Civil Practice Act (the statutory predecessor to section 2–1401) (Ill. Rev. Stat. 1979, ch. 110, par. 72) while a direct appeal was pending. In *Alfano*, the trial court dismissed the petition because a direct appeal was pending. The appellate court held that this was error and that the court had jurisdiction to consider the petition despite the pendency of the defendant's direct appeal. The court explained that "[s]ection 72 petitions and direct appeals are not conflicting routes, but may be considered parallel and both may be followed simultaneously." *Alfano*, 95 Ill. App. 3d at 1030.

Thus, there is no basis in either the Act's language or in this court's jurisprudence for the proposition that a postconviction proceeding may not proceed at the same time as a direct appeal. And this makes perfect sense. As we stated earlier, a postconviction proceeding is not a substitute for a direct appeal, nor is it a second direct appeal. Rather, it is a vehicle for asserting constitutional claims that could not be raised on direct appeal. *Rissley*, 206 Ill. 2d at 411; *People v. Derengowski*, 44 Ill. 2d 476, 479 (1970) ("it is not within the view of the Act to have claims determined which could have been presented upon a direct review of the conviction"). The legislature's failure to include a prohibition in the Act for filing a petition while the direct appeal is pending could very well have been deliberate. If a defendant has a meritorious claim of a denial of his constitutional rights that could not have been raised on direct appeal, the legislature might not have wanted to force him to wait for the direct appeal process to conclude before proceeding with his claim.

For these reasons, we disagree with defendant's argument that a trial court faced with a postconviction petition filed while the direct appeal is pending must either hold it in abeyance or dismiss it without prejudice with leave to file after the direct appeal is concluded. Neither of these actions has any basis in the language of the statute. Rather, the Act requires that, within 90 days, the trial court examine

the petition and determines if it is frivolous and patently without merit. 725 ILCS 5/122–2.1(a) (West 2002). If the court dismisses the petition pursuant to this section, that order is a final judgment. 725 ILCS 5/122–2.1(a)(2) (West 2002).

We note that, if a trial court did hold a petition in abeyance and 90 days passed without the court ruling on the petition, the proceeding would have to move to the second stage. The appellate court recognized this in *People v. Dauer*, 293 Ill. App. 3d 329 (1997). In that case, the trial court held the postconviction petition in abeyance because the direct appeal was still pending. The appellate court held that the Act was violated when the court failed to examine the petition within 90 days and that this failure required the appellate court to reverse the dismissal and remand for second stage proceedings. The appellate court relied on this court's decision in *People v. Porter*, 122 Ill. 2d 64, 85-86 (1988), which held that the time limit in section 122–2.1(a) is mandatory and that a failure to comply with it requires that the petition be docketed for second stage proceedings. *Dauer*, 293 Ill. App. 3d at 331.

Defendant contends that *Dauer* was abrogated by *People v. Watson*, 187 Ill. 2d 448 (1999). In *Watson*, this court held that when a defendant files an amended postconviction petition during the initial 90-day period, the 90-day period restarts and the trial court has 90 days from the date of the filing of the amended petition to determine if it is frivolous and patently without merit. By analogy, defendant argues that the circuit court can hold a petition in abeyance for however long the direct appeal is pending and that the 90-day period would then start whenever the circuit court lifted the stay. Defendant's analogy is imprecise, because in *Watson* the amended petition was filed before the initial 90-day period expired. In other words, during the initial 90-day period, the petition was replaced by a new petition, and the 90-day period began anew. In defendant's example, if the 90-day period passes and the direct appeal is still pending, then the court would have failed to rule timely on the only petition pending before it. This would be contrary to both the plain language of the statute and this court's decision in *Porter*, which construed section 122–2.1(a)'s time period to be mandatory. As *Dauer* properly recognized, if the 90-day period passes without the trial court examining the petition pursuant to section 122–2.1(a)(2),

the petition must proceed to the second stage. *Dauer*, 293 Ill. App. 3d at 331. There is no provision in the Act allowing the trial court to delay the beginning of the 90-day period when a petition is pending before it. Thus, if we were to require trial courts to hold postconviction petitions in abeyance when direct appeals were pending, then any defendant could circumvent section 122–2.1(a) and automatically receive appointment of counsel and second stage proceedings simply by filing his or her petition while the direct appeal is pending. We will not so hold.

Similarly, we do not believe that a trial court is required to dismiss a postconvcition petiton without prejudice if the direct appeal is still pending. Defendant relies on section 122–5 of the Act, which provides, *inter alia*:

> "The court may in its discretion grant leave, at any stage of the proceeding prior to entry of judgment, to withdraw the petition. The court may in its discretion make such order as to amendment of the petition or any other pleading, or as to pleading over, or filing further pleadings, or extending the time of filing any pleading other than the original petition, as shall be appropriate, just and reasonable and is generally provided in civil cases." 722 ILCS 5/122–5 (West 2002).

By necessary implication, this court held in *Watson* that this section applies during the first stage of proceedings. Again, *Watson* held that when a defendant files an amended petition during the first stage, the 90-day review period begins anew. *Watson*, 187 Ill. 2d at 451. One justice dissented in *Watson*, contending that the Act does not allow amendments at the first stage. *Watson*, 187 Ill. 2d at 456 (Rathje, J., dissenting). No other justice joined in this dissent, so the question of whether section 122–5 applies at the first stage was settled by *Watson*.

We do not believe, however, that, simply because the trial court has the discretion at the first stage to allow amendments to the petition, or to allow the petition to be withdrawn, or to allow the defendant to plead over, the trial court necessarily abuses that discretion by failing to dismiss the petition without prejudice when a direct appeal is pending. As set forth above, there is nothing in the Act or in this court's jurisprudence that would prohibit a postconviction proceeding and a direct appeal from proceeding at the same time. Moreover, this court has already held that, in the version of the Act

under consideration, "the legislature removed any doubt that postconviction petitions must sometimes be filed before the termination of proceedings on direct appeal." *Rissley*, 206 Ill. 2d at 415. If we were to hold that the trial court should have dismissed this petition without prejudice with leave to refile when the direct appeal had concluded, that would be directly contrary to the statute of limitations then in effect. Under that version of the Act, the legislature required that the petition be filed by the soonest of the three following dates: (1) three years after conviction; (2) six months after the denial of a petition for leave to appeal or the date for filing such a petition if none is filed; or (3) 45 days after the defendant's brief is filed in the Illinois Supreme Court or 45 days after the due date for such a brief if none is filed. 725 ILCS 5/122–1(c) (West 2002). Here, defendant filed his petition two days before the soonest of these time periods ran, but he argues that the trial court should have allowed him to wait and file the petition when the direct appeal had concluded. Such an action would have thwarted the legislature's intent as to when the petition needed to be filed. One thing that section 122–5 does *not* permit the trial court to do is to extend the deadline for filing the original petition (725 ILCS 5/122–5 (West 2002)), and that is, in effect, what the court would be doing if it overrode the statutory deadline and allowed the defendant to wait until the direct appeal had concluded to file his petition. It would be absurd for this court to construe this version of the Act both as leaving "no doubt" that the legislature intended that postconviction petitions must sometimes be filed before the direct appeal had concluded and as requiring the trial court to dismiss a petition without prejudice because a direct appeal is pending.

Defendant contends, nevertheless, that his situation is unique because he wanted to argue that he received the ineffective assistance of appellate counsel, but was required by the Act to file his petition before his attorney had filed a brief in the direct appeal.[3] Thus,

---

[3]We note that this situation would never arise under the Act's new statute of limitations. Under the current version of the Act, the three-year time limit applies only to those defendants who do not file direct appeals. Defendants who do file direct appeals are entitled to wait until the end of that process before filing postconviction petitions. 725 ILCS 5/122–1(c) (West 2004).

-13-

according to defendant, the trial court was required to either hold the petition in abeyance or dismiss it without prejudice so that he could properly frame his argument. Defendant also claims that the trial court failed to rule on his ineffective assistance of appellate counsel claims and that, therefore, there was nothing for this court to review with respect to those claims. We disagree with both of these contentions.

First, the trial court did not fail to rule on defendant's ineffective assistance of appellate counsel claims. The trial court found that the petition as a whole was frivolous and patently without merit, and it specifically addressed each of defendant's claims. With respect to defendant's appellate counsel claims, the trial court made two findings: (1) that the matter was still on appeal and there had been no ruling by the appellate court, so the trial court had no way of knowing if appellate counsel had been ineffective; and (2) some of the claims that defendant contended that appellate counsel was ineffective for failing to raise were those ineffective assistance of trial counsel claims that the postconviction court had found to be without merit. The trial court stated that, if those claims themselves were without merit, then appellate counsel could not have rendered ineffective assistance of counsel by failing to raise them. Thus, we find that the trial court did properly explain why defendant's claims were frivolous and without merit. Moreover, the claims were even more frivolous than the trial court found them to be. The problem with defendant's claims was not simply that the appellate court had not rendered a decision yet, but rather that defendant's attorney had not even filed a brief yet. What could be more frivolous and patently without merit than to argue that an attorney rendered constitutionally ineffective assistance by failing to raise certain issues on appeal before that attorney has raised *any* issues on appeal? The trial court properly carried out its statutory duty in ruling on this claim within 90 days, and we will not hold that a defendant can thwart the Act's statute of limitations simply by including a wholly speculative claim of ineffective assistance of appellate counsel in the petition.

This does not leave persons in defendant's position without a remedy. The State correctly argues that a successive petition is the proper means for a defendant to assert a claim of ineffective assistance of appellate counsel when the statute of limitations forced him or her to file the initial petition while the direct appeal was pending. If

-14-

defendant believes that he has a meritorious claim of ineffective assistance of appellate counsel, he may seek leave of court to file a successive petition. 725 ILCS 5/122–1(f) (West 2004). Defendant may obtain leave of court to do so if he demonstrates cause for failing to bring the claim in the initial petition and prejudice resulting from that failure. 725 ILCS 5/122–1(f) (West 2004). The Act states that a prisoner demonstrates cause by "identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings." 725 ILCS 5/122–1(f) (West 2004). It is difficult to conceive of a more obvious case of cause for failing to raise a claim of ineffective assistance of appellate counsel in the initial proceeding than that the statute of limitations required that the petition be filed before the defendant's brief had been filed in the direct appeal.[4] A prisoner shows prejudice under the Act by "demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." 725 ILCS 5/122–1(f)(2) (West 2004). In his brief, defendant's only response to the State's argument that the successive petition route is still open is to state that "there is no guarantee that he can obtain leave to do so." This is no answer. Defendant will be granted leave of court to file a successive petition if he demonstrates cause and prejudice, and he would seemingly have an obvious case of cause. Thus, he must be allowed leave to file a successive petition if he can meet the prejudice prong. If he cannot do so, then he has no complaint. In other words, persons in defendant's position will not be denied relief under the Act if they can demonstrate meritorious claims of ineffective assistance of appellate counsel. At oral argument, counsel for defendant claimed that it not fair to require *pro se* petitioners to demonstrate prejudice. That, however, is the legislature's requirement. 725 ILCS 5/122–2.1(f)(2) (West 2004). It is worth noting in this regard that postconviction and other collateral proceedings are a matter of

---

[4]A defendant who simply chooses to file a petition while the direct appeal is pending but is not forced to do so by the statute of limitations would be in a very different position. In that case, it would be the defendant's voluntary decision to file the petition early that impeded his ability to raise the claim in the earlier petition.

legislative grace, and the states "have no obligation to provide this avenue of relief." *Pennsylvania v. Finley*, 481 U.S. 551, 556-57, 95 L. Ed. 2d 539, 547, 107 S. Ct. 1990, 1994 (1987). The legislature enacted a statute under which it left "no doubt" that postconvicton petitions must sometimes be filed while direct appeals are pending. *Rissley*, 206 Ill. 2d at 415. If this means that, under this version of the Act, the only means for some defendants to assert ineffective assistance of appellate counsel claims is in successive petitions, then that is the legislature's choice and this court must enforce the statute as written.

Our holding on this issue necessarily includes a repudiation of *Williams*. In that case, the defendant was convicted in August 1995 and filed a *pro se* postconviction petition in September 1996, before a brief had been filed in his direct appeal. The issue raised in the petition was that defendant was denied a fair trial because the photographic lineup used in the case was suggestive and prejudicial. In October 1996, the trial court dismissed the petition as frivolous and patently without merit. The trial court's order stated that " '[a]t this time an appeal is pending in the Appellate Court of Illinois, Fifth District, and the post[ ]conviction petition is pending therein. The Court finds that the petition is patently without merit and dismisses same with prejudice for the reason that the allegations in the petition relate to issues that should be addressed on appeal.' " *Williams*, 308 Ill. App. 3d at 569. The parties disagreed over the meaning of the court's order. Defendant argued that the trial court dismissed the petition on the basis that a direct appeal was pending, which is error. The State disagreed with the defendant that the trial court dismissed the petition because the direct appeal was pending. According to the State, the circuit court properly found that the petition lacked merit because it asserted a claim that could be raised on direct appeal. If this issue were to be raised on direct appeal it would be *res judicata* and, if not, it would be procedurally defaulted. *Williams*, 308 Ill. App. 3d at 569-70. The appellate court found that the language was ambiguous, but overall it meant that the trial court dismissed the petition because a direct appeal was pending and that it believed the issue could be raised on direct appeal. *Williams*, 308 Ill. App. 3d at 570-71. Then the court concluded that the trial court had gone too far in dismissing the petition with prejudice and that it should have either

-16-

held the petition in abeyance or dismissed it without prejudice with leave to refile once the defendant determined what issues would be raised by his counsel on direct appeal. *Williams*, 308 Ill. App. 3d at 571-72. The court found that the defendant was concerned with the time limits of the Act and was simply trying to be prompt by filing his petition when he did. Thus, the court said that it would not "cut off defendant's postconviction rights because defendant attempted to be prompt and file his petition in a timely manner." *Williams*, 308 Ill. App. 3d at 571-72.

It is difficult to follow *Williams*'s reasoning or to reconcile it with the plain language of the Act. First, it is not clear how the court concluded that the defendant was concerned with the time limits of the Act. The defendant filed his petition only a year after the conviction was entered and before a brief had even been filed in the appellate court. The appellate court failed to identify what time limit the defendant was up against, and it even acknowledged that the direct appeal brief was filed within two years of the conviction. Moreover, as set forth above, even if the defendant had been up against the statutory time limit, that would have not have required the circuit court to hold the petition in abeyance or to dismiss it without prejudice. We also see no error in the trial court's order in *Williams*. The defendant asserted a claim that should have been asserted on direct appeal. Thus, the trial court determined that it was patently without merit and dismissed it pursuant to section 122–2.1. The State correctly argued in *Williams* that issues that are determined on direct appeal have *res judicata* effect and that issues that could have been raised on direct appeal but were not are procedurally defaulted. These are proper bases for a trial court to enter a first-stage dismissal. *People v. Blair*, 215 Ill. 2d 427, 442 (2005). Moreover, the Act does not permit consideration of questions raised on direct appeal simply because the reviewing court has yet to announce its disposition of the direct appeal. *People v. Wright*, 111 Ill. 2d 18, 25 (1986). Faced with a petition raising a claim that should have been asserted on direct appeal, the trial court summarily dismissed it as without merit, and this dismissal order was a final judgment. 725 ILCS 5/122–2.1 (West 2002). The trial court was not going "too far," as the appellate court claimed; it was simply fulfilling its duty under the Act. There was no basis for the appellate court to reverse that order. The appellate court

stated that it was not going to cut off defendant's postconviction rights by upholding the dismissal with prejudice. *Williams*, 308 Ill. App. 3d at 571. It was not the trial court that was cutting off the defendant's postconviction rights. Rather, the defendant cut off his own postconviction rights by filing a petition that was frivolous and patently without merit. *Williams* is overruled.

Requests in Prayer for Relief

Defendant next argues that the circuit court erred in failing to specifically rule on the requests in his prayer for relief. Defendant also contends that the court acted too hastily in dismissing his petition on the twenty-third day after it was filed, especially in light of his requests in the prayer for relief. As we noted, in the prayer for relief, defendant asked the circuit court to: (1) set a date to resolve preliminary matters; (2) grant him sufficient time and leave to amend and/or supplement the petition; (3) grant him authority to obtain subpoenas for discovery; (4) appoint counsel to represent him; (5) order an evidentiary hearing; and (6) enter any other appropriate order. The only one of these that the trial court specifically denied was the request for counsel.

The appellate court found no error. First, it noted that there is no requirement that the circuit court wait until the ninetieth day to dismiss a petition. Second, the court held that defendant's requests were merely general requests that are contained in postconviction petitions and that defendant had not provided any indication of how much time he needed or the reasons for a continuance or leave to amend. The court held that it would be a waste of judicial resources to require circuit courts to rule on every general request by a defendant in a postconviction petition, particularly when some of the requests cannot even be granted until the second or third stage. The court noted that, at the first stage, the Act requires only that the trial court determine if the petition is frivolous and patently without merit, which is exactly what the trial court did. The State echoes the appellate court's reasoning, and also notes that the Act's statute of limitations requires that the petition, including its accompanying evidentiary support, be filed by a certain date. Here, the petition was filed right before the statute of limitations expired. The State argues that it would contravene the Act's statute of limitations to give the defendant more time to prepare a proper petition. In response,

defendant argues that, procedurally, there was no problem with the requests in the prayer for relief, as the Act requires neither a separate motion seeking a continuance or leave to amend nor specificity in the request. Defendant also argues that his statement at the beginning of his petition that he had mailed affidavits to prospective witnesses but that they had not mailed them back was adequate to alert the trial court as to why he needed a continuance and leave to amend. Defendant further contends that, at a minimum, the trial court should have given him until the end of the 90-day period to obtain the affidavits and that its failure to do so was an abuse of discretion. Defendant's sole support for this argument is *People v. Jennings*, 411 Ill. 21, 26 (1952), in which this court recognized that a circuit court has the authority to grant a postconviction petitioner more time in which to obtain supporting affidavits.

We find no error by the circuit court. First, we disagree with defendant's argument that the circuit court failed to rule on the requests in his prayer for relief. By entering a final order summarily dismissing the petition as frivolous and patently without merit, the court impliedly denied the requests in defendant's prayer for relief. The question is whether it was an abuse of discretion to do so. Clearly, it was not. As the appellate court noted, the requests in defendant's prayer for relief were simply generic, boilerplate requests. Defendant did not provide any details about why he wanted leave to amend, more time, subpoena power for discovery, or what he wanted to add to the petition. Defendant is correct that the Act does not *require* a defendant to file a separate motion for leave to amend or for a continuance or to provide any details as to why he wants the court to grant his requests. Absent such detail or explanation, however, a defendant will be hard-pressed to show that the court abused its discretion in denying the requests. Defendant argues that it should have been clear from his statements at the beginning of the petition that he needed more time to obtain affidavits from witnesses that he believed would have offered testimony favorable to his defense. He attached their unsigned affidavits, explaining that he had mailed them to the prospective witnesses but that no one had mailed them back. Moreover, he was filing the petition at that time only because the statute of limitations was about to run. The trial court could very well have concluded, nevertheless, that if defendant had not obtained the

affidavits in three years that there was little chance he was going to obtain them at all. Defendant did not provide the trial court with an explanation of when he mailed the proposed affidavits or when he expected that they might be returned. Defendant tries to leave the impression that he was rushed and that he was simply not given enough time to prepare a proper petition. In fact, he was given the maximum amount of time that the statute allowed at the time. Under the statute of limitations then in effect, the longest possible time a defendant could have to file a postconviction petition (absent a delay not due to the defendant's culpable negligence) was three years from the date of conviction (725 ILCS 5/122–1(c) (West 2002)), and that was the time limit applicable to defendant. If his direct appeal would have concluded within a year after the conviction, then defendant would have had a much shorter period in which to prepare his petition and obtain affidavits. Defendant is correct that *Jennings* said that a trial court could grant a continuance for a defendant to obtain affidavits. However, the full passage from *Jennings* states that "[w]here there are no supporting affidavits and their absence is neither explained nor excused, the trial court should *either dismiss the petition* or grant a further time within which such affidavits may be obtained." (Emphasis added.) *Jennings*, 411 Ill. at 26.[5] Here, the court dismissed the petition, and defendant has not shown that the court abused its discretion in failing to grant him more time.

We likewise see no error in the trial court's dismissing the petition on the twenty-third day. The Act merely requires the trial court to make its first-stage order "[w]ithin 90 days after *** filing and docketing." 725 ILCS 5/122–2.1(a) (West 2002). The Act does not require the court to wait the full 90 days, and defendant has failed to cite a single case in which a postconviction court was found to have erred by ruling too quickly. Defendant contends that the trial court should have given him at least until the ninetieth day to obtain the witness affidavits to support his claim. As set forth above, however,

---

[5]*Jennings* was decided before the Act contained the summary dismissal provision. Now that that provision is in effect, it would appear that, at the first stage, the trial court could grant the defendant only until the ninetieth day to obtain the affidavits if it did not intend for the proceeding to move to the second stage.

the trial court could have found that if defendant had already been given the maximum time contemplated by the legislature–three years from the date of conviction–and had failed to obtain the affidavits in that time, another 68 days was not going to make a difference. Nor did defendant give the court any reason to believe that the affidavits would be forthcoming. The court did not err in dismissing the petition on the twenty-third day.

## Gist of a Meritorious Claim

Finally, defendant claims that the trial court erred in summarily dismissing his petition because one of its allegations stated the gist of a meritorious claim. According to defendant, his allegation that trial counsel was ineffective for failing to interview and present the testimony of certain witness stated the gist of a meritorious claim. This allegation was supported by defendant's affidavit as to what these witnesses would have said, and defendant contends that the trial court erred in ignoring his affidavit. The trial court found that defendant's claim was mere speculation because he had not provided the required affidavits. The proposed affidavits submitted by plaintiff were unsigned, and the court found that they were merely what defendant wished these people would say. The trial court's ruling was correct. This court held in *People v. Enis*, 194 Ill. 2d 361, 380 (2000), that "[a] claim that trial counsel failed to investigate and call a witness must be supported by an affidavit from the proposed witness." The reason for such a requirement is clear. "In the absence of such an affidavit, a reviewing court cannot determine whether the proposed witness could have provided testimony or information favorable to the defendant, and further review of the claim is unnecessary." *Enis*, 194 Ill. 2d at 380. Defendant's affidavit was not sufficient to satisfy *Enis*'s requirement. Because defendant failed to supply the necessary evidentiary support for his claim, the trial court did not err in finding it frivolous and patently without merit.

## CONCLUSION

The Act requires that, in a noncapital case, the trial court must, within 90 days after the filing and docketing of a postconviction petition, review the petition to determine if it is frivolous and patently

without merit. This requirement is mandatory, and that is precisely what the trial court did here. The trial court's order was correct, because this petition did not state the gist of a meritorious claim. Whether to allow an amendment to the petition is discretionary, and defendant has failed to demonstrate that the court abused its discretion in ruling on the merits of the petition without granting him leave to amend. Under the version of the Act under consideration, the legislature required that some petitions would have to be filed while the direct appeal was still pending. This was one of those cases, and to hold that the trial court was required to hold the petition in abeyance or dismiss it without prejudice would be contrary to clearly expressed legislative intent. A defendant who is forced by the statute of limitations to file his petition while the direct appeal is pending and who later wishes to argue that he received constitutionally ineffective assistance of counsel on appeal must proceed by way of a successive petition. Defendant has failed to demonstrate error by the circuit court; therefore, the judgment of the appellate court, which affirmed the circuit court's summary dismissal of defendant's postconviction petition, is affirmed.

*Appellate court judgment affirmed.*