NOTICE

Decision filed 06/04/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 170119-U

NO. 5-17-0119

IN THE

NOTICE

This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Bond County. |
| | ) | |
| v. | ) | No. 14-CF-52 |
| | ) | |
| JEREMIAH C. HOWARD JR., | ) | Honorable |
| | ) | John Knight, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Justices Overstreet and Boie concurred in the judgment.

**ORDER**

¶ 1   *Held*: Because the defendant and the State are correct that the circuit court erred when it summarily dismissed the defendant's petition for postconviction relief at the first stage of proceedings, we reverse the order of the circuit court of Bond County and remand for the appointment of counsel for the defendant, and for further proceedings on the defendant's petition.

¶ 2   The defendant, Jeremiah C. Howard Jr., appeals the summary dismissal, at the first stage of proceedings, of his petition for postconviction relief (the petition). For the following reasons, we reverse the dismissal and remand for the appointment of counsel and for further proceedings.

1

¶ 3                                    I. BACKGROUND

¶ 4     The facts necessary to our disposition of this appeal follow. The defendant was convicted, following a jury trial, of, *inter alia*, the offenses of identity theft of three or more individuals and aggravated identity theft of three or more individuals. A direct appeal from the convictions was filed. On March 2, 2017, after the defendant's appellate counsel had filed his opening brief in the direct appeal, but while the direct appeal still was pending, the defendant, acting *pro se*, filed the petition, along with an affidavit of the defendant, an application to defend as a poor person, and a motion for the appointment of counsel. In the petition, the defendant alleged that he received ineffective assistance of appellate counsel due to appellate counsel's failure to raise eight claims the defendant believed should have been raised in the direct appeal. We will discuss those of the claims that are of relevance to this appeal in more detail in the analysis section, below.

¶ 5     One week later, on March 9, 2017, the circuit court entered an order in which it ruled that because the defendant's direct appeal was at that time still pending, the "claims and arguments" of the defendant's appellate counsel were not "finalized or completed." The order pointed to the Illinois Supreme Court's decision in *People v. Harris*, 224 Ill. 2d 115 (2007), for the proposition that if a direct appeal is still pending, a claim of ineffective assistance of appellate counsel is wholly speculative and therefore is frivolous and patently without merit. The circuit court ruled that in this case, the petition was "based upon predicted occurrences and outcomes, not established facts, and *** therefore frivolous and patently without merit due to its purely anticipatory nature." Accordingly, the circuit court summarily dismissed the petition. This timely appeal followed. Subsequently, in the

2

defendant's direct appeal, this court affirmed the defendant's convictions and sentences, finding no merit to the defendant's claim that his conviction for the charge of identity theft of three or more individuals should be vacated under the "one-act, one-crime" doctrine. *People v. Howard*, 2018 IL App (5th) 150019-U, ¶¶ 11-13.

¶ 6                                   II. ANALYSIS

¶ 7     This court reviews *de novo* the first-stage, or summary, dismissal of a petition for postconviction relief. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). At the first stage of proceedings on such a petition, a defendant "need only present a limited amount of detail in the petition." *Id*. As the *Hodges* court noted, "[b]ecause most petitions are drafted at this stage by defendants with little legal knowledge or training," reviewing courts will view "the threshold for survival as low." *Id*. A defendant need only state the "gist" of a constitutional argument, a requirement that is met if a defendant alleges "enough facts to make out a claim that is arguably constitutional for purposes of invoking the Act," even if the petition as drafted at the first stage "lacks formal legal arguments or citations to legal authority." *Id*. The trial court may dismiss a petition at the first stage as "frivolous or patently without merit only if the petition has no arguable basis either in law or in fact." *Id*. at 11-12. Moreover, "[w]here defendants are acting *pro se*, courts should review their [first-stage] petitions 'with a lenient eye, allowing borderline cases to proceed.' " *Id*. at 21 (quoting *Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983)).

¶ 8     On appeal, the defendant in this case contends the petition presented the gist of constitutional claims that (1) he received ineffective assistance of trial and appellate counsel where both counsel failed to argue that the defendant's right to due process was

3

violated when he had to wear a remotely-operated "shocking leg restraint" during the fourth day of trial, (2) he was denied his fundamental right to testify because trial counsel allegedly did not allow him to testify at trial, (3) appellate counsel was ineffective for failing to raise on direct appeal that the jury was improperly instructed as to the meaning of "organized gang," which was an element of aggravated identity theft, the most serious offense with which he was charged, and (4) the State failed to prove him guilty beyond a reasonable doubt of aggravated identity theft. The defendant also contends the circuit court misapprehended, and read too broadly, the relevant law as stated in *People v. Harris*, 224 Ill. 2d 115 (2007), and as a result the circuit court incorrectly asserted that simply because a direct appeal was pending, the petition's ineffective assistance of appellate counsel arguments were subject to summary dismissal. The defendant argues, to the contrary, that because in this case the defendant's appellate counsel had already filed his opening brief by the time the defendant filed his petition, the defendant was aware of what issues could be raised on direct appeal, because appellate counsel had forfeited any additional issues by not raising them in his opening brief. According to the defendant, this is a key distinction from the procedural posture of *Harris*, because in *Harris* no direct appeal briefs had been filed at the time the defendant raised his ineffective assistance of appellate counsel claims in his petition for postconviction relief, and accordingly it was not yet possible to determine which claims appellate counsel would or would not raise in the direct appeal.

¶ 9    The State agrees with the defendant's reasoning that this case is procedurally different from *Harris* to such a significant extent that the circuit court erred in relying upon *Harris* when rendering its decision in this case. The State also agrees that at least one of

the defendant's claims in the petition "etches out the bare minimum of a claim necessary to" survive a summary dismissal. The State alleges infirmities with regard to certain other aspects of the petition, but acknowledges that in Illinois, binding precedent of relevance to petitions for postconviction relief requires that if *any* claim in a petition should not have been dismissed, the entire petition must advance to the second stage of proceedings, so that appointed counsel may amend the petition to fully develop and present meritorious legal claims.

¶ 10    We agree with the defendant, and the State, that summary dismissal of the petition was improper, for the reasons cited, and explained, by the parties. Accordingly, the entire petition must advance to the second stage of proceedings. See, *e.g.*, *People v. Johnson*, 377 Ill. App. 3d 854, 858, 860 (2007) (if any claims in petition not subject to summary dismissal, entire petition must be docketed for second-stage proceedings); see also, *e.g.*, *People v. Henderson*, 2014 IL App (2d) 121219, ¶ 41 (same). At this point, of course, the defendant has not fully developed his arguments. If, after consultation with appointed counsel at the trial court level on remand, the defendant wishes to persist in his claims, he should have the opportunity to file an amended petition (see, *e.g.*, *People v. Boclair*, 202 Ill. 2d 89, 100 (2002)), and the State should have the opportunity to respond thereto.

¶ 11                                III. CONCLUSION

¶ 12    For the foregoing reasons, we reverse the first-stage dismissal of the defendant's petition for postconviction relief, and remand for appointment of counsel to represent the defendant, and for further proceedings.

¶ 13    Reversed and remanded.