**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 200034-U

Order filed May 4, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-20-0034 Circuit No. 05-CF-212 |
| ANTHONY DEMTRISE FOWLER, | ) ) ) | Honorable Paul P. Gilfillan, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE O'BRIEN delivered the judgment of the court.
Justices Daugherity and Lytton concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   The circuit court erred in dismissing defendant's postconviction petition at the first stage.

¶ 2     Defendant, Anthony Demtrise Fowler, appeals from the first-stage dismissal of his postconviction petition. Defendant argues he presented the gist of a claim of actual innocence based on newly discovered evidence. We reverse and remand for further proceedings.

¶ 3                                   I. BACKGROUND

¶ 4        The State charged defendant with first degree murder (720 ILCS 5/9-1(a)(1) (West 2004)). The evidence at trial established that defendant was present at a club on January 13, 2005, and into the early morning hours of January 14, 2005. When the club closed, Jestina Jordan left with her boyfriend, Vernell McLain, through the alley where the club entrance was located. When they approached the street, a car stopped, and McLain exchanged words with the driver. Jordan identified defendant as the driver. Jordan further testified that defendant exited the car and shot McLain in the chest before leaving the scene. McClain later died from his injuries. Jordan testified that McLain had been intoxicated that night, but she had remained sober. Defendant presented testimony from a bartender from the club who stated that he found Jordan intoxicated in the bathroom shortly before the club closed.

¶ 5        Antquint Cox testified that he saw defendant shoot McLain and he called 911. At the time he testified, Cox was incarcerated for possession and delivery of a controlled substance. While he hoped to reduce his sentence for cooperating in defendant's case, he had not yet received any consideration. Defendant argued that Cox was not credible because he initially told officers that he did not see the shooting take place.

¶ 6        Defendant testified that he was at the club on January 13, 2005, with friends. When the club closed, he left with Adrian Johnson, who was his designated driver. Defendant testified that Johnson stopped the car when he saw McLain, exited the car, and appeared to be arguing with McLain. Defendant stayed in the car during the exchange. Defendant then heard a gunshot and looked over to see McLain pointing at Johnson. Neither appeared to be shot. Johnson returned to the car, and they left. Defendant stated that he did not know until later that someone had been shot in the alley.

2

¶ 7        A jury found defendant guilty on September 21, 2007, and he was sentenced to natural life in prison. The conviction was affirmed by this court on direct appeal in 2009. *People v. Fowler*, No. 3-07-0929 (2009) (unpublished order under Illinois Supreme Court Rule 23).

¶ 8        On October 24, 2019, defendant filed a postconviction petition as a self-represented litigant. Defendant argued that the delay in filing his petition was because he was illiterate and had no legal knowledge. In his petition, defendant claimed actual innocence based on newly discovered evidence. He attached an affidavit signed by Joseph Horton that was dated August 28, 2019. The affidavit stated that Horton was at the club the night of the shooting. While there, he spent time with defendant before the club closed. According to the affidavit, Horton saw Johnson shoot McLain. Horton stated that he was certain defendant did not shoot McLain. Defendant argued in his postconviction petition that he was not aware Horton witnessed the shooting until they saw each other while incarcerated, and he told Horton the reason he was in prison.

¶ 9        Defendant also claimed that he received ineffective assistance of trial counsel for various reasons, including for failing to inform defendant of a plea offer made to his previous counsel prior to trial, and ineffective assistance of appellate counsel for failing to raise every issue on appeal that had been preserved in his posttrial motions. Finally, defendant claimed he was denied a fair trial due to the State allowing Cox to perjure himself at trial.

¶ 10        The circuit court dismissed the petition as frivolous and patently without merit. It found that defendant could have investigated Horton as a possible witness at the time of the shooting, because they were friends, and defendant knew Horton was at the club that night. Additionally, while Horton's affidavit may have been material, it was not noncumulative, because it did nothing but bolster defendant's denial and claims that Johnson committed the shooting. The court also held that Horton's evidence would not have changed the outcome of the trial, because his testimony

3

alone would not have been sufficient to change the outcome. Regarding defendant's claim that trial counsel failed to inform him about a plea offer, the court found that defendant did not provide enough specific details regarding counsel's knowledge of the claim or a specific offer. For all other claims, the court found that defendant did not provide sufficient information or documentation to state a viable claim or were claims that were brought up on appeal, or could have been brought up on direct appeal, and therefore were forfeited. Defendant appeals.

¶ 11                                   II. ANALYSIS

¶ 12         Defendant argues that he presented arguable claims of actual innocence based on newly discovered evidence from Horton's affidavit and of ineffective assistance of counsel where counsel failed to inform him of the State's offer prior to trial.

¶ 13         The Post-Conviction Hearing Act provides a three-stage proceeding through which a criminal defendant may challenge a perceived violation of his constitutional rights. 725 ILCS 5/122-1 *et seq.* (West 2018). At the first stage of postconviction proceedings, a defendant need only allege a "gist" of a claim; that there are enough facts to assert an arguable violation of his constitutional rights. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). The petition's allegations are taken as true and construed liberally. *People v. Harris*, 224 Ill. 2d 115, 126 (2007). When a defendant files a postconviction petition as a self-represented litigant, the circuit court must independently review the petition, taking the allegations as true, and determine whether " 'the petition is frivolous or is patently without merit.' " *Hodges*, 234 Ill. 2d at 10 (quoting *People v. Edwards*, 197 Ill. 2d 239, 244 (2001)).

¶ 14         The court may summarily dismiss a petition that has no arguable basis either in law or in fact. *People v. Tate*, 2012 IL 112214, ¶ 9. A petition lacking an arguable basis in law or fact is one "based on an indisputably meritless legal theory or a fanciful factual allegation." *Hodges*, 234 Ill.

4

2d at 16. In the review of a postconviction petition in the first stage, all well-pled facts in both the petition and any accompanying affidavits are to be taken as true. *People v. Rissley*, 206 Ill. 2d 403, 412 (2003). We review the summary dismissal of a postconviction petition *de novo*. *People v. Coleman*, 183 Ill. 2d 366, 388 (1998).

¶ 15 To succeed on a claim of actual innocence, defendant must present new, material, and noncumulative evidence that is so conclusive it would probably change the outcome of the case if retried. *People v. Coleman*, 2013 IL 113307, ¶ 84. The new evidence need not prove actual innocence, but it must be sufficient to justify a closer scrutiny of all the facts and circumstances presented at trial to determine guilt or innocence. *People v. Ortiz*, 235 Ill. 2d 319, 337 (2009).

¶ 16 Newly discovered evidence is "evidence that was unavailable at trial and could not have been discovered sooner through due diligence." *People v. Harris*, 206 Ill. 2d 293, 301 (2002). The testimony of an eyewitness who was unknown to the defense at the time of trial is generally considered new evidence. See *Ortiz*, 235 Ill. 2d at 333-34. Defendant argues that Horton's affidavit presents new evidence that he was not aware that Horton witnessed the shooting until they crossed paths in prison after his trial. We must take as true defendant's allegation that he did not know Horton witnessed the shooting. See *Harris*, 224 Ill. 2d at 126. We therefore find that the information contained in Horton's affidavit was newly discovered evidence that could not have been discovered prior to trial, even with the exercise of due diligence.

¶ 17 The second requirement is that the evidence must be material and noncumulative. "Material means the evidence is relevant and probative of the petitioner's innocence." *Coleman*, 2013 IL 113307, ¶ 96. "Noncumulative means the evidence adds to what the jury heard." *Id.* Taking Horton's affidavit as true, the affidavit indicates that Horton saw Johnson shoot McLain and that defendant was inside the car when it happened. Therefore, it is material to the determination of

defendant's innocence as it rebuts the testimonies of Jordan and Cox, the only other eyewitnesses to the shooting. Further, the statements contained in Horton's affidavit were never before the jury at defendant's trial and are therefore noncumulative.

¶ 18 The final requirement is that the newly discovered evidence was of such a conclusive character that it would probably change the result on retrial. Conclusive means that the "evidence, when considered along with the trial evidence, would probably lead to a different result." *Id.* "Probability, rather than certainty, is the key in considering whether the fact finder would reach a different result after considering the prior evidence along with the new evidence." *People v. Robinson*, 2020 IL 123849, ¶ 48. Further, when newly discovered evidence "contradicts the State's evidence at trial, it is capable of producing a different outcome at trial." *People v. Harper*, 2013 IL App (1st) 102181, ¶ 49. Horton's affidavit, when taken as true, contradicts the State's evidence that defendant shot McLain and therefore has the potential to change the result on retrial.

¶ 19 Defendant also argues that he was denied effective assistance of counsel, because counsel failed to inform him of a plea offer before trial. Because our decision to remand based on newly discovered evidence is sufficient to require us to remand the entire petition, we need not address this claim. See *People v. Rivera*, 198 Ill. 2d 364, 374 (2001) (finding that partial dismissals are not permitted, and the entire petition must proceed to the second stage in a postconviction proceeding). Our decision not to address it, however, should not be interpreted as any reflection of our opinion on the merit of the issue.

¶ 20 III. CONCLUSION

¶ 21 The judgment of the circuit court of Peoria County is reversed and remanded for second-stage postconviction proceedings.

¶ 22 Reversed and remanded.