**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 200344-U

Order filed September 16, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Iroquois County, Illinois, |
| Plaintiff-Appellee, | ) ) | Appeal No. 3-20-0344 |
| v. | ) ) | Circuit No. 12-CF-183 |
| ANDREW M. CONDON, | ) ) ) | Honorable Michael C. Sabol, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE PETERSON delivered the judgment of the court.
Justices Holdridge and Hauptman concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  The circuit court did not err in dismissing defendant's postconviction petition at the first stage.

¶ 2     Defendant, Andrew M. Condon, appeals from the first-stage dismissal of his postconviction petition. Defendant argues that his postconviction petition stated the gist of a claim that counsel provided ineffective assistance. We affirm.

¶ 3                              I. BACKGROUND

¶ 4          The State charged defendant with two counts of first degree murder (720 ILCS 5/9-

1(a)(1), (2) (West 2012)) for the shooting death of Jonathan Rubin. Defendant was represented

by counsel at trial. During the trial, the State presented testimony that a shell casing recovered

from defendant's shooting berm was fired from the same weapon as the shell casings recovered

from the crime scene. The jury found defendant guilty, and the court sentenced him to 50 years'

imprisonment. Defendant appealed and this court affirmed. *People v. Condon*, 2018 IL App (3d)

150793-U.

¶ 5          Defendant filed, as a self-represented litigant, a postconviction petition alleging,

*inter alia*, that counsel provided ineffective assistance by failing to investigate and call Brent

Tammen, Jermy Jesse, and Dan Otto as witnesses. He argued that these three witnesses would

verify that they each provided a load of dirt from their shooting berms to be used for defendant's

shooting berm. In support of his petition, defendant attached an unsigned affidavit purportedly

from his ex-wife, Amanda Condon, which indicated that Tammen, Jesse, and Otto all provided

dirt from their shooting berms to be used for defendant's shooting berm. Neither the petition nor

the purported affidavit provided an explanation as to why the affidavit was not signed. Defendant

further attached three affidavits, which he signed, which purported to set forth what Tammen,

Jesse, and Otto would attest to. All three affidavits stated that "[t]he material facts which ought

to appear in this affidavit are known only to [Tammen/Jesse/Otto] whose affidavit affiant is

unable to procure due to affiant's inability as an incarcerated poor person to locate will testify, if

sworn, to the following." Defendant attached his own affidavit which stated that prior to trial he

informed counsel that Tammen, Jesse, and Otto provided dirt from their shooting berms to be

used for defendant's shooting berm, but counsel refused to interview them or call them to testify.

¶ 6       The court dismissed the petition at the first stage. Defendant filed a motion for rehearing and to vacate judgment. He also filed a motion for leave to file an amended postconviction petition along with an apparent proposed amended petition, titled "Verified Petition for Post-Conviction Relief." Defendant attached an affidavit to the proposed amended petition setting forth what Amanda would allegedly attest to, which defendant himself signed and which alleged that defendant could not obtain an affidavit from Amanda "due to Covid 19 quarantine lockdown at Menard Correctional Center, and delays in the mail." Defendant attached to the proposed amended petition several signed affidavits relevant to other claims he raised in the proposed amended petition. The court denied both the motion for rehearing and to vacate judgment and the motion for leave to file an amended postconviction petition. Defendant appeals.

¶ 7                                    II. ANALYSIS

¶ 8       Defendant argues that his postconviction petition stated the gist of a claim that his counsel provided ineffective assistance and that he properly supported the claim through the factual allegations and supporting materials or he provided the required explanation for the absence of such materials.

¶ 9       The Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2018)) provides a process for a criminal defendant to assert that his conviction resulted from a substantial denial of his rights under the United States Constitution, the Illinois Constitution, or both. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). At the first stage, defendant need only state the "gist" of a constitutional claim. *Id.* The circuit court may summarily dismiss the petition at the first stage of proceedings if it is frivolous or patently without merit, such that it "has no arguable basis either in law or in fact." *Id.* at 16. But the petition must "clearly set forth the respects in which petitioner's constitutional rights were violated." 725 ILCS 5/122-2 (West 2018). "The petition

3

shall have attached thereto affidavits, records, or other evidence supporting its allegations or *** state why the same are not attached." *Id.* "[T]he failure to either attach the necessary ' "affidavits, records, or other evidence" or explain their absence is "fatal" to a post-conviction petition [citation] and by itself justifies the petition's summary dismissal.' " *People v. Delton*, 227 Ill. 2d 247, 255 (2008) (quoting *People v. Collins*, 202 Ill. 2d 59, 66 (2002)).

¶ 10        Here, *People v. Harris*, 224 Ill. 2d 115, 142 (2007), compels the conclusion that defendant's supporting documentation—none of which was actually provided or signed by the purported witnesses—is insufficient. In *Harris*, the defendant had alleged that counsel provided ineffective assistance by failing to interview and present testimony from certain witnesses. *Id.* Similar to the instant case, the defendant in *Harris* attached affidavits purporting to be from the witnesses, none of which were signed, as well as his own affidavit setting forth what he believed the proposed witnesses would have testified to. *Id.* at 119, 142. The supreme court determined that the circuit court was correct in finding that the proposed affidavits "were merely what defendant wished these people would say" and that they were insufficient. *Id.* at 142. It concluded that since defendant "failed to supply the necessary evidentiary support for his claim, the trial court did not err in finding it frivolous and patently without merit." *Id.* In doing so, it reiterated that " '[a] claim that trial counsel failed to investigate and call a witness must be supported by an affidavit from the proposed witness' " and that " '[i]n the absence of such an affidavit, a reviewing court cannot determine whether the proposed witness could have provided testimony or information favorable to the defendant, and further review of the claim is unnecessary.' " *Id.* (quoting *People v. Enis*, 194 Ill. 2d 361, 380 (2000)). Based on the foregoing, we conclude that defendant failed to supply the necessary support for his claim and the court properly dismissed the petition as frivolous and patently without merit.

4

¶ 11       Additionally, defendant failed to provide an adequate explanation for his failure to attach the required support for his petition. First, defendant's initial postconviction petition provided no explanation for the failure to have a signed affidavit from Amanda. While he attempted to cure this in his proposed amended petition, the court did not grant him leave to file the amended petition and we do not consider its allegations. Regardless, the fact that he attached several signed affidavits in support of other claims in the amended petition undermines his explanation that he could not obtain the affidavit due to Covid-19 and mail delays. Second, his explanation— that he was an incarcerated poor person—for failing to obtain affidavits from Tammen, Jesse, and Otto was insufficient. See *People v. Harris*, 2019 IL App (4th) 170261, ¶ 19 ("Because the Act contemplates defendants seeking postconviction relief are likely to be imprisoned, we hold imprisonment, by itself, cannot excuse a defendant's failure to attach supporting material to a postconviction petition. To hold otherwise would be to render the requirement to attach supporting materials meaningless, which we may not do.").

¶ 12                         III. CONCLUSION

¶ 13       The judgment of the circuit court of Iroquois County is affirmed.

¶ 14       Affirmed.