No. 2-08-0839          Filed: 5-21-10 Corrected 4-20-12

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 04--CF--2027 |
| MARLON JOHNSON, | ) ) | Honorable Grant S. Wegner, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BOWMAN delivered the opinion of the court:

Following a jury trial, defendant, Marlon Johnson, was convicted of aggravated kidnaping (720 ILCS 5/10--2(a)(5) (West 2002)) and aggravated criminal sexual assault (720 ILCS 5/12--14(a)(1) (West 2002)). The trial court imposed consecutive sentences of 8½ years' imprisonment on the aggravated kidnaping conviction and 10 years' imprisonment on the aggravated criminal sexual assault conviction. Defendant subsequently filed a pro se postconviction petition alleging violations of his constitutional rights from, among other things, the alleged nondisclosure of fingerprint comparisons to his ultimate trial counsel and an officer's relying on an unidentified translator to take the victim's initial statement. Because defendant's direct appeal was still pending when defendant filed his postconviction petition, the trial court advanced the petition to the second stage. Appointed counsel sought leave to withdraw on the basis that defendant's claims lacked merit, and the trial court granted the motion to withdraw. Defendant proceeded pro se, and the trial court

granted the State's motion to dismiss his petition. On appeal, defendant argues that the trial court erred in: (1) granting postconviction counsel's motion to withdraw, and (2) dismissing his postconviction petition. We agree with defendant's first contention and therefore vacate in part, reverse in part, and remand.

## I. BACKGROUND

We summarize only the trial testimony necessary for an understanding of this appeal. The victim, M.G., testified through an interpreter that on December 17, 2003, she had just parked her car near her apartment building and was still seated within when defendant approached and asked for a ride. When she declined, defendant threatened her with a knife and got into the passenger side of the car. He forced M.G. to drive to various locations and perform oral sex on him. He ultimately had her drive to a nearby apartment complex before he exited the car. The State introduced evidence that a stain from M.G.'s clothing contained a sperm cell and evidence that a DNA sample from the clothing matched defendant's DNA.

Defendant testified that he had sold M.G. drugs on several occasions. Around the day in question, M.G. asked defendant if he would "front" her drugs until she got paid. Defendant instead offered to give her the drugs in exchange for oral sex, and M.G. agreed. She performed oral sex on him in the laundry room of the apartment building where defendant was living with his girlfriend. Defendant then said that he would bring M.G. the drugs. However, he did not return, because he did not want his girlfriend to confront him about where he had been and why he was giving M.G. free drugs.

The jury found defendant guilty, and on November 14, 2007, this court affirmed his convictions on appeal. See People v. Johnson, No. 2--05--1269 (2007) (unpublished order under Supreme Court Rule 23).

Defendant filed a 40-plus-page postconviction petition on March 19, 2007, while his direct appeal was pending. On April 13, 2007, the trial court entered an order noting that any issues raised in a postconviction petition that were previously decided are barred by res judicata and that any issues in the petition that could have been raised on appeal but were not are procedurally defaulted. The trial court stated that, because it was unaware of the substance of defendant's pending direct appeal, it was advancing the petition to the second stage of proceedings.

On June 1, 2007, defendant filed a pro se motion seeking counsel from outside the public defender's office. Defendant alleged that he had received a letter from assistant public defender Donald Lorek stating that he had been appointed to represent defendant on his postconviction petition, but Lorek did not subsequently respond to defendant's correspondence. Defendant further alleged that there was a conflict of interest in having an attorney from the public defender's office represent him, because of his prior conflicts with that office.[1]

---

[1]In the trial proceedings, defendant was initially represented by assistant public defender Brenda Willett. Defendant filed but then withdrew a motion for new counsel. Public defender David Kliment subsequently took over defendant's representation because Willett was busy with a trial. Kliment later filed a motion to withdraw based on a conflict of interest with defendant. The trial court granted Kliment leave to withdraw and appointed private counsel Ronald Dolak to represent defendant. Dolak represented defendant through the remainder of the trial proceedings.

-3-

On September 12, 2007, Lorek informed the trial court that he had been unable to examine the transcripts because the case was still on appeal. The trial court discussed defendant's concerns regarding lack of communication and progress with the petition, and it concluded that there was no basis to appoint new counsel. The trial court continued the matter until November 7, 2007, for Lorek to file either a Rule 651(c) (134 Ill. 2d R. 651(c)) certificate or a motion to continue.

At the November 7 hearing, Lorek informed the trial court that he had reviewed the transcripts and common-law record at the appellate court and had also reviewed the postconviction petition. On Lorek's motion, the trial court continued the matter to December 20.

On November 29, Lorek filed a motion for leave to withdraw. Lorek referenced defendant's previous motions to replace trial and postconviction counsel, as well as an allegation in his postconviction petition that the public defender's office had conspired with the State's Attorney's office to deprive him of the results of fingerprint comparisons. Lorek stated that he had met with defendant and discussed each issue raised in the postconviction petition. He stated that he believed that the petition lacked merit and that he was obligated to move to withdraw under People v. Greer, 212 Ill. 2d 192 (2004). Lorek further stated that his examination of the reports of proceedings, the common-law record, defendant's correspondence, and interviews of trial counsel had "not revealed any other basis for the assertion of a claim of a deprivation of a constitutionally-protected right which resulted in the sentence or conviction imposed herein."

Lorek also filed a Rule 651(c) certificate, in which he stated the following. He had: reviewed the court file; examined the pro se petition for postconviction relief and the attached exhibits; read the reports of proceedings; discussed with defendant his claims of deprivation of constitutionally protected rights; and reviewed the appellate defender's brief and the appellate court's decision. Lorek

stated that he had expressed to defendant his opinions about the issues raised in the petition but could not offer any amendments to the petition. Lorek further stated that he had spoken to defendant's trial counsel several times about the case but that the "conversations have not shed any new light on [defendant's] claims of deprivation of constitutionally-protected rights at the trial of this matter."

On December 20, the trial court took Lorek's motion to withdraw under advisement and continued the case. On January 2, 2008, the trial court granted the motion to withdraw. Lorek stated that even though he could not support defendant's allegations, he could not "give specific answers to specific questions" because it was not "[his] role to provide the State with an argument." However, he offered to remain as standby counsel for defendant. The trial court stated that the problems created by appointing him standby counsel outweighed the benefits. It further stated that under Greer, notwithstanding Lorek's withdrawal, the hearings on defendant's postconviction petition would continue. The trial court gave the State 45 days to either answer the petition or move to dismiss.

The State was given leave to file a motion to dismiss on April 3, 2008. On August 14, defendant moved to amend his petition by adding argument in the event the trial court denied the State's motion to dismiss. For purposes of appeal, defendant also raised an objection to Lorek's withdrawal. Defendant stated that he had not been allowed an opportunity to respond to the motion to withdraw. Defendant alleged that Lorek had misled the trial court "as to material facts" and the "viability and truthfulness of the issues raised in" the petition. Defendant argued that under Greer, counsel had to specifically show why he could not advance defendant's arguments, which Lorek had failed to do. Defendant further alleged that Lorek had obtained two lab reports from the Illinois State Police dated July 28, 2004, and April 14, 2005, which directly corroborated his allegations of a

conspiracy between the public defender's and State's Attorney's offices to suppress evidence in his case. Defendant stated that Lorek met with him on November 13, 2007, when Lorek had just the former report. Although defendant told him that it corroborated his claims, Lorek replied that the report did not prove anything, defendant's allegations were meritless, and he would withdraw as counsel. Defendant alleged that Lorek maintained this position even after receiving the second corroborating report, which he forwarded to defendant.

The hearing on the motion to dismiss occurred on September 4, 2008, with defendant appearing pro se. The State addressed the arguments raised in defendant's postconviction petition, including the amendments. On the issue of the fingerprint evidence, the State argued that it had tendered discovery regarding the prints, specifically "a two-page document" that was "an Illinois State Police report offered by Miss Barbara Wilkins wherein it contains the finding that there are no fingerprints." The State argued that it was "a DNA case," so it was defense counsel's trial strategy "for not exploring that issue with respect to prints," though he did argue the issue in closing argument. The State argued that the subject of fingerprints was ultimately inconsequential because the issue was consent, and defendant had failed to show that he was prejudiced.

On the fingerprint issue, defendant argued that he attached an "affidavit" from himself stating that trial counsel Ronald Dolak informed him that he was never given any fingerprint comparisons of any kind. Defendant argued that his statement was corroborated by a transcript of a hearing on his pro se posttrial motion alleging ineffective assistance of trial counsel, at which Assistant State's Attorney Pamela Monaco stated that, when she contacted the lab about the analysis of fingerprints obtained from the victim's car, "they said once there's DNA, they don't really do fingerprints. It kind of stops. There is nothing conclusive about any of the fingerprints, and it was not really an issue."

At the same hearing, Dolak stated that "[a]s far as the fingerprints go, as far as the discovery I had, there was no comparison." Defendant argued that the fingerprint evidence was significant to his defense, which was that the oral sex was consensual and that he was never in M.G.'s car, which would also negate the aggravated kidnaping charge. Defendant argued that under M.G.'s version of events, his fingerprints should have been all over her car. Defendant also pointed out that during jury deliberations, the jury specifically asked if it could take into account that the car was impounded and fingerprints were not found.

The trial court granted the State's motion to dismiss, finding that defendant was not entitled to a third-stage evidentiary hearing. Defendant timely appealed.

## II. ANALYSIS

On appeal, defendant challenges the trial court's grant of Lorek's motion to withdraw and its grant of the State's motion to dismiss his postconviction petition.

The Post-Conviction Hearing Act (Act) (725 ILCS 5/122--1 et seq. (West 2008)) provides a procedural mechanism for criminal defendants to assert that their constitutional rights were substantially violated during the original proceedings resulting in their convictions. People v. Harris, 224 Ill. 2d 115, 124 (2007). A proceeding under the Act is a collateral attack on the judgment, allowing inquiry into issues that were not, and could not have been, adjudicated on direct appeal. Harris, 224 Ill. 2d at 124. Issues that the defendant could have raised on direct appeal but did not are procedurally defaulted, and issues that a reviewing court previously decided are barred by res judicata. Harris, 224 Ill. 2d at 124-25.

The Act creates a three-stage process for the adjudication of postconviction petitions in noncapital cases. People v. Hodges, 234 Ill. 2d 1, 10 (2009). At the first stage, the trial court must

independently determine, within 90 days of the petition's filing, whether it is "frivolous or is patently without merit." 725 ILCS 5/122--2.1(a)(2) (West 2008); Hodges, 234 Ill. 2d at 10. At this stage, a defendant is not automatically entitled to the assistance of counsel. Greer, 212 Ill. 2d at 203. Therefore, the petition's allegations, liberally construed and taken as true, need present only the gist of a constitutional claim. Harris, 224 Ill. 2d at 126. If the trial court determines that the petition is frivolous or patently without merit, the trial court must dismiss it. 725 ILCS 5/122--2.1(a)(2) (West 2008). Conversely, if the trial court finds that the petition is not frivolous or patently without merit, or if the court does not take action on the petition within 90 days of its filing, the proceedings move on to the second stage. 725 ILCS 5/122--2.1(b), 122--4 (West 2008). During the second stage, an indigent defendant is entitled to the appointment of counsel (Greer, 212 Ill. 2d at 203-04), and counsel may file an amended petition (People v. Blair, 215 Ill. 2d 427, 458 (2005)). The State, in turn, may file a motion to dismiss the petition. 725 ILCS 5/122--5 (West 2008). If the trial court does not dismiss the petition, it will conduct an evidentiary hearing on the merits of the petition during the third stage. 725 ILCS 5/122--6 (West 2008).

In Greer, our supreme court addressed the issue of whether postconviction counsel may seek leave to withdraw. In that case, the defendant's petition advanced to the second stage, not because the trial court had considered the petition's substance and determined that it was not frivolous or patently without merit, but rather because the trial court had not acted upon it within the required 90-day period for a summary dismissal. Greer, 212 Ill. 2d at 194-95. The defendant's appointed counsel then filed a motion to withdraw, stating that he had reviewed the record, the transcripts of proceedings, and the State's Attorney's files; had interviewed the relevant parties and the defendant; and could find no meritorious issue for review. A supporting brief detailed counsel's course of action

after appointment, stated that he could not " 'properly substantiate' " the defendant's claims, and concluded that the allegations were without merit. Greer, 212 Ill. 2d at 200. Counsel also indicated that he had considered other possible issues but did not find one of merit. Greer, 212 Ill. 2d at 200. The trial court granted the attorney's motion to withdraw, and the appellate court affirmed. Greer, 212 Ill. 2d at 200-01.

Our supreme court noted that under the Act, a defendant is entitled to only a "reasonable" level of assistance, which is lower than the constitutionally guaranteed level of assistance afforded to defendants at the trial phase. Greer, 212 Ill. 2d at 204. Postconviction counsel's duties are set forth in Rule 651(c), which requires that postconviction counsel make a showing in the record that he or she has: (1) consulted with the petitioner to ascertain his allegations of deprivation of constitutional rights; (2) examined the record of proceedings at trial; and (3) made any amendments to pro se petitions that are necessary to adequately present the petitioner's allegations. Greer, 212 Ill. 2d at 205.

The Greer court reasoned that fulfilling the third obligation under Rule 651(c) does not require postconviction counsel "to advance frivolous or spurious claims," because the amendments would not qualify as "necessary" within the rule's meaning. Greer, 212 Ill. 2d at 205. The court further reasoned that filing such an amended petition would appear to violate Rule 137 (155 Ill. 2d R. 137), which states that an attorney's signature certifies that after a reasonable inquiry, he or she believes that the pleading or motion is grounded in fact and warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law. Greer, 212 Ill. 2d at 205. The court ruled that nothing in the Act prevented appointed counsel from withdrawing if he or she determined that the defendant's petition was frivolous or patently without merit, such that the attorney's ethical

obligations would actually prohibit him or her from continuing representation. Greer, 212 Ill. 2d at 209.

The Greer court went on to conclude that the record affirmatively demonstrated that the defendant's postconviction allegations were frivolous and patently without merit and that the attorney could withdraw as counsel. The court stated:

"Although we hasten to emphasize that the inability of postconviction counsel to 'properly substantiate' a defendant's claims is not the standard by which counsel should judge the viability of a defendant's postconviction claims, and that an attorney moving to withdraw should make some effort to explain why defendant's claims are frivolous or patently without merit, it nonetheless appears that counsel fulfilled his duties as prescribed by Rule 651(c), and the record before us supports counsel's assessment that the defendant's postconviction claims were frivolous and without merit. Consequently, though the procedure in the circuit court leaves something to be desired, defense counsel should be allowed to withdraw, and we affirm the judgment of the appellate court in that respect." (Emphases in original.) Greer, 212 Ill. 2d at 211-12.

Subsequently, in People v. Pendleton, 223 Ill. 2d 458 (2006), our supreme court reiterated that postconviction counsel " 'is only required to investigate and properly present the petitioner's claims' " but is not required to advance frivolous or spurious claims. (Emphasis omitted.) Pendleton, 223 Ill. 2d at 472, quoting People v. Davis, 156 Ill. 2d 149, 164 (1993).

Defendant argues that under Greer and Pendleton, Lorek should have given some reasons to explain his conclusion that the petition's claims lacked merit. The State responds that Lorek, through his motion for leave to withdraw, Rule 651(c) certificate, and statements to the court, clearly satisfied

the requirements of Greer. The State further argues that Lorek was not required to explain why defendant's claims were meritless, especially in light of Lorek's statement to the court that even though he could not support defendant's allegations, it was not his role to provide the State with argument.

We agree with the State insofar as Lorek's compliance with the steps to support a motion to withdraw. Although the Greer court stated that an attorney seeking to withdraw should make "some effort" to explain his or her position that the defendant's claims are frivolous or patently without merit, it also stated that postconviction counsel's duties are prescribed by Rule 651(c) and that the defendant's counsel had satisfied those duties. Greer, 212 Ill. 2d at 212. Similarly, in this case Lorek satisfied his Rule 651(c) obligations by stating that he had discussed defendant's postconviction claims with him; had reviewed the record, including the reports of proceedings, the appellate defender's brief, and this court's Rule 23 order; and that he could not offer any amendments. Lorek further informed the trial court that he had spoken to defendant's trial counsel several times. As in Greer, Lorek's decision not to elaborate on why he believed the claims to be meritless "leaves something to be desired" (Greer, 212 Ill. 2d at 212) and makes review of the issue more difficult, but Lorek still took the procedural steps necessary for a motion to withdraw.

Defendant further argues that the trial court should not have allowed Lorek to withdraw, because Lorek was wrong in his assessment that none of the petition's issues had potential merit. Defendant highlights his claims regarding the police's use of an unidentified interpreter when taking M.G.'s initial statement and trial counsel's failure to introduce the fingerprint comparisons. The State argues that defendant was on notice that M.G.'s brother-in-law acted as an interpreter during the initial interview and that any potential error would be harmless because M.G. testified at trial and was

subject to cross-examination. On the fingerprint issue, the State argues that "a perfectly logical reason was given for why the lab did not compare them. The assistant explained that once the lab had DNA, it no longer needed to do fingerprint analysis. The assistant went on to state that there was not anything conclusive about the fingerprints, and they were really not an issue." The State argues that the assistant State's Attorney was correct because defendant never denied having been in the car or having sex with M.G. The State further argues that both issues have been forfeited because they could have been raised on direct appeal but defendant does not explain, either in his petition or in an affidavit, why they were not.

We agree with defendant that the fingerprint issue has potential merit, and Lorek therefore should not have been allowed to withdraw as counsel.[2] Under Greer, postconviction counsel is not required to advance "frivolous or spurious claims" (Greer, 212 Ill. 2d at 205), which our supreme court described as "frivolous or patently without merit" (Greer, 212 Ill. 2d at 212). This is identical to the standard used at the first stage of postconviction proceedings to determine whether the petition should be summarily dismissed. See 725 ILCS 5/122--2.1(a)(2) (West 2008). We recognize that here, as in Greer, the petition advanced to the second stage of proceedings, not because the trial court determined that it was not frivolous or patently without merit, but rather because the trial court could not (or as in Greer, did not) make the first-stage assessment within the 90-day deadline. Still, in determining whether to allow counsel to withdraw, the court must determine whether the record supports counsel's assertion that the petition is frivolous or patently without merit. See Greer, 212 Ill. 2d at 212.

---

[2]Based on our conclusion that the fingerprint issue has potential merit, we need not address defendant's argument regarding the use of an interpreter.

A petition is frivolous or patently without merit only if it has no arguable basis in law or fact, meaning that the claims are based on an indisputably meritless legal theory or a fanciful factual allegation. Hodges, 234 Ill. 2d at 16-17. During the second stage of postconviction proceedings, the petition's allegations are to be liberally construed in light of the trial record, and factual allegations that the record does not positively rebut must be accepted as true. People v. Alberts, 383 Ill. App. 3d 374, 376 (2008). Defendant's allegations regarding trial counsel Dolak's failure to use the fingerprint comparisons give rise to, among other things, a contention of ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, a defendant must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). Hodges, 234 Ill. 2d at 17. The defendant must show that (1) trial counsel's performance fell below an objective standard of reasonableness, and (2) the deficient performance resulted in prejudice. Hodges, 234 Ill. 2d at 17. An allegation of ineffective assistance of counsel is not frivolous or patently without merit if (1) counsel's performance arguably fell below an objective standard of reasonableness, and (2) defendant was arguably prejudiced as a result. Hodges, 234 Ill. 2d at 17.

Defendant's postconviction petition referenced the two lab reports dated July 28, 2004, and April 14, 2005, regarding fingerprint comparisons, and he attached pages from the record mentioning these reports. The record refers to the former report as indicating that five latent fingerprints, taken from inside M.G.'s vehicle, did not match M.G.'s prints. It refers to the latter report as comparing the five fingerprints to those of defendant. Defendant alleged that the State disclosed the reports to his initial trial counsel, Willett, but that the reports did not subsequently get turned over to Dolak. Defendant's allegation that Dolak did not receive the reports is supported by copies of reports of

proceedings attached to the petition, namely, one from the hearing on defendant's pro se posttrial motion, at which Dolak stated:

"As far as the fingerprints go, as far as the discovery I had, there was no comparison, and we argued that fact that the State omitted it, that there wasn't any evidence against [defendant]. I believe we argued that in our closing arguments, and I think that's how we addressed it."

At the same hearing, the assistant State's Attorney said, "they [the lab] said once there's DNA, they don't really do fingerprints. It kind of stops. There is nothing conclusive about any of the fingerprints, and it was not really an issue."

Defendant alleged that the fingerprint results were material to proving his innocence and described his unsuccessful attempts to obtain copies of the reports up to the time he filed the postconviction petition. In his objection to Lorek's withdrawal, defendant alleged that Lorek obtained the reports and provided him with copies. From the State's comments at the hearing on defendant's pro se posttrial motion, it appeared to take the position that either the fingerprints were not even tested or there were no conclusive results from the tests. The State reiterates this position in its brief. However, the State acknowledged the existence of the reports at the hearing on its motion to dismiss defendant's postconviction petition, stating that it had tendered "an Illinois State Police report offered by Miss Barbara Wilkins wherein it contains the finding that there are no fingerprints." (Emphasis added.)

Copies of the reports included in the record on appeal show that the State has repeatedly mischaracterized their content in its references to them. The July 28, 2004, report states that the lab received five latent print lifts and fingerprint and palm-print cards from M.G. and two other individuals. It concludes:

"An AFIS evaluation of Exhibit 5 revealed latent prints suitable for AFIS processing. Comparison of the AFIS suitable latent prints to the inked fingerprint cards marked [M.G. and the two other individuals] did not reveal any identifications.

An AFIS search did not reveal an identification."

The April 14, 2005, report states that the five latent prints were resubmitted, and the lab also received defendant's fingerprint and palm-print "standards." It concludes:

"Examination of Exhibit 5 revealed latent prints suitable for comparison.

Comparison of the suitable latent prints to the inked standards of [defendant] did not reveal any identifications."

Thus, the reports indicate that there were five latent fingerprints suitable for testing and that they did not match M.G.'s or defendant's prints.

Trial counsel Dolak's apparent failure to obtain the reports arguably fell below an objective standard of reasonableness because he appeared to be unaware of their existence despite references to them in documents in the common-law record prior to his appointment, as well as in prior hearings. (To the extent that the reports should have been turned over to him but were not, defendant could arguably have a separate due process violation claim.) Further, if Dolak did not have the reports, his failure to introduce them at trial could not have been the result of trial strategy. Defendant was arguably prejudiced because the results showing that his fingerprints did not match those found in the car could lend some support to the defense theory that defendant was not in M.G.'s car and that the encounter took place in the laundry room. The fingerprint evidence was not cumulative of the DNA evidence, because defendant never denied that the sexual encounter took place but, rather, claimed that it was consensual. Even if the jury did not believe that the oral sex was consensual, if it believed

that the act occurred in the laundry room, it may still have found defendant not guilty of aggravated kidnaping. The potential significance of the lack of matching fingerprints is highlighted by the jury's question of whether it could consider that issue, which was not brought up in evidence but rather only in defendant's closing argument.

We further disagree with the State that defendant forfeited the fingerprint issue by failing to raise it in his direct appeal. As indicated in his postconviction petition, defendant did raise the issue in his pro se posttrial motion but, at a hearing on that motion, both the State and Dolak took the position that the fingerprints were not tested or yielded no conclusive results. This misrepresentation would explain why defendant did not raise the issue on appeal. Further, it is apparent that defendant did not have copies of the reports until after he filed his postconviction petition.

Because defendant's allegations arguably satisfy the Strickland test for ineffective assistance of counsel, they are not frivolous or patently without merit, and the trial court erred in granting Lorek's motion to withdraw. We therefore reverse this ruling. Defendant did have his claims heard at a second-stage hearing, but he did so without the benefit of counsel to amend his petition and argue on his behalf. We therefore vacate the trial court's grant of the State's motion to dismiss defendant's petition and remand the case for second-stage proceedings to begin anew. Based on Lorek's request to withdraw, defendant asks that we order that he be appointed counsel from outside the public defender's office. However, on the record before us, we do not find such a measure warranted. We express no opinion on whether any of defendant's claims are sufficient to withstand a motion to dismiss. See Hodges, 234 Ill. 2d at 22-23.

## III. CONCLUSION

For the foregoing reasons, we vacate the trial court's grant of the State's motion to dismiss defendant's postconviction petition and reverse its grant of postconviction counsel's motion to withdraw. We remand the cause for further proceedings consistent with this opinion.

Vacated in part and reversed in part; cause remanded.

ZENOFF, P.J., and SCHOSTOK, J., concur.