NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 170222-U

NO. 4-17-0222

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 23, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Macon County |
| JON E. WHITTLE, | ) | No. 13CF410 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas E. Griffith, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE STEIGMANN delivered the judgment of the court.
Justices Knecht and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held:*    The appellate court granted counsel's motion to withdraw because no meritorious
issue could be raised on appeal.

¶ 2    In January 2014, a jury found defendant, Jon E. Whittle, guilty of (1) being an

armed habitual criminal and (2) aggravated fleeing or attempting to elude a police officer. 720

ILCS 5/24-1.7(a) (West 2012); 625 ILCS 5/11-204.1(a)(1) (West 2012). The trial court later sen-

tenced him to prison for 24 years and 4 years, respectively, and ordered those sentences to be

served concurrently.

¶ 3    In December 2016, defendant *pro se* filed a postconviction petition in which he

argued that his trial counsel was ineffective. In March 2017, the trial court summarily dismissed

this petition, and defendant subsequently filed a notice of appeal. In April 2017, the Office of the

State Appellate Defender (OSAD) was appointed to represent defendant.

¶ 4　　　　In February 2019, OSAD filed a motion to withdraw, asserting that no meritorious issue could be raised on appeal. Defendant filed a response objecting to OSAD's motion. We agree with OSAD, grant its motion to withdraw, and affirm the trial court's dismissal of defendant's petition.

¶ 5　　　　　　　　　　　　　I. BACKGROUND

¶ 6　　　　　　　　　　A. Defendant's Jury Trial and First Appeal

¶ 7　　　　In January 2014, a jury found defendant guilty of (1) being an armed habitual criminal and (2) aggravated fleeing or attempting to elude a police officer. 720 ILCS 5/24-1.7(a) (West 2012); 625 ILCS 5/11-204.1(a)(1) (West 2012). At trial, the State's key witnesses were Jazmyne Milan, Rickeya Brown, Michael Claypool, and Gabrielle Simoneaux. (See *People v. Whittle*, 2016 IL App (4th) 140336-U, ¶¶ 16-41, for a comprehensive review of the evidence presented at trial.)

¶ 8　　　　Both Milan and Brown testified that on April 1, 2013, a black male driving a blue SUV (sport utility vehicle) pointed a gun at them while they were stopped at an intersection. Milan testified that this vehicle's license plate included the word "TOOTSR" on it. Milan stated that she called the police after her vehicle pulled away from the intersection. Shortly thereafter, Officer Michael Claypool of the Decatur Police Department saw a blue SUV with a license plate that included the word "TOOTSR." After activating his emergency lights and siren, Claypool attempted to pull over the vehicle, but it sped away. Eventually, the vehicle came to a stop. Defendant—a black male—was the driver of the vehicle.

¶ 9　　　　Simoneaux testified that on April 1, 2013, she was riding in defendant's vehicle when defendant began speeding away from the police. She said that defendant was trying to elude the police because he was riding "dirty." She testified that defendant asked her to place

two handguns into her purse and she complied with this request because she was scared. Simoneaux stated that defendant pulled over his vehicle after she put the guns in her purse.

¶ 10    Simoneaux conceded that she initially told the police that the guns were hers. She also conceded that she had told defendant's attorney prior to trial that the guns belonged to her and that the police had pressured her into implicating defendant. However, Simoneaux testified that she only approached defendant's attorney because she received a threatening phone call. Simoneaux admitted she was charged with a felony for possession of the firearms and faced four years in prison if convicted. She pleaded guilty to the offense in exchange for four years of probation on the condition that she testify truthfully against defendant.

¶ 11    Ultimately, as noted above, the jury found defendant guilty. The trial court sentenced defendant to 24 years in prison for being an armed habitual criminal, 4 years for aggravated fleeing or attempting to elude a police officer, and ordered the sentences to be served concurrently. Defendant appealed, arguing that the trial court erred by admitting improper other-crimes evidence. This court affirmed defendant's conviction. *Whittle*, 2016 IL App (4th) 140336-U, ¶ 77.

¶ 12                  B. Defendant's *Pro Se* Postconviction Petition

¶ 13    On December 13, 2016, defendant *pro se* filed a postconviction petition, arguing that his trial counsel was ineffective for failing to call Kioshe McGowan as a witness. In an affidavit attached to the petition, McGowan stated that "Simoneaux had approached me, of free will, and confessed to owning one of the firearms Mr. Whittle was charged for ***." He further stated that defendant's attorney "decided not to use my testimony ***."

¶ 14                  C. The Trial Court's Ruling

¶ 15    On March 7, 2017, the trial court summarily dismissed defendant's petition at the

first stage. In pertinent part, the court reasoned as follows:

> "Regarding the Defendant's claims of ineffective assistance of trial counsel, the Court finds that these claims do not form an arguable basis that counsel's performance fell below an objective standard of reasonableness and it is not arguable that the Defendant was prejudiced. [Citation]. The Court would note Ms. Simoneaux did testify at trial that *** she approached [defendant's attorney] *** and informed him the guns belonged to her and that [the] police had pressured her into stating the guns were the Defendant's. [However,] Simoneaux explained that she was pressured into doing this *** and after speaking with her own attorney did not speak with [defendant's attorney] again. *** There is therefore no basis for Defendant's assertion that Mr. McGowan's testimony could have possibly changed the outcome of the trial."

¶ 16                D. The Notice of Appeal and the Request to Withdraw

¶ 17        Defendant subsequently filed a notice of appeal. In April 2017, OSAD was appointed to represent defendant. In February 2019, OSAD filed a motion to withdraw, asserting that no meritorious issue could be raised on appeal. Subsequently, defendant filed a response to OSAD's motion to withdraw, arguing his petition stated the gist of a constitutional claim of ineffective assistance of counsel. The State then filed a brief asserting the trial court properly dismissed the petition, to which defendant filed a reply brief.

¶ 18                                II. ANALYSIS

¶ 19        In this case, OSAD argues there are no meritorious issues to appeal because (1) the trial court dismissed defendant's petition within 90 days and (2) it is not arguable that defendant's trial counsel provided ineffective assistance. Defendant argues only that the petition

stated the gist of a claim of ineffective assistance because his attorney failed to call McGowan to corroborate Simoneaux's prior inconsistent statements. The State, as well as OSAD, argues the trial court did not err by dismissing the petition because defendant cannot demonstrate he was prejudiced by counsel's performance. We agree with OSAD, grant its motion to withdraw, and affirm the trial court's order.

¶ 20                                A. The Applicable Law

¶ 21        The Post-Conviction Hearing Act (Act) provides a criminal defendant the means to redress substantial violations of his constitutional rights that occurred in his original trial or sentencing. *People v. Crenshaw*, 2015 IL App (4th) 131035, ¶ 23, 38 N.E.3d 1256; 725 ILCS 5/122-1 (West 2016). The Act contains a three-stage procedure for relief. *People v. Allen*, 2015 IL 113135, ¶ 21, 32 N.E.3d 615; 725 ILCS 5/122-2.1 (West 2016). At the first stage, within 90 days of the petition's filing, the trial court must independently determine whether the petition is "frivolous or patently without merit ***." 725 ILCS 5/122-2.1(a)(2) (West 2016). "At this stage, the petition need present only a limited amount of detail so as to set forth the gist of a meritorious constitutional claim." *People v. Clark*, 2011 IL App (2d) 100188, ¶ 15, 957 N.E.2d 162. The trial court must dismiss the petition if it concludes that the petition is frivolous or patently without merit. *People v. Johnson*, 401 Ill. App. 3d 685, 691, 930 N.E.2d 462, 468 (2010); 725 ILCS 5/122-2.1(a)(2) (West 2016). "Conversely, if the trial court finds the petition is not frivolous or patently without merit, or if the court does not take action on the petition within 90 days of its filing, the proceedings move on to the second stage." *Johnson*, 401 Ill. App. 3d at 691; 725 ILCS 5/122-2.1(b), 122-4 (West 2016).

¶ 22        The sixth amendment guarantees a defendant the right to effective assistance of counsel at all critical stages of a criminal proceeding. U.S. Const., amend. VI; *People v. Hughes*,

2012 IL 112817, ¶ 44, 983 N.E.2d 439. "At the first stage of postconviction proceedings under the Act, a petition alleging ineffective assistance may not be summarily dismissed if ([1]) it is arguable that counsel's performance fell below an objective standard of reasonableness and ([2]) it is arguable that the defendant was prejudiced." *People v. Hodges*, 234 Ill. 2d 1, 17, 912 N.E.2d 1204, 1212 (2009).

¶ 23    This court is highly deferential to counsel's performance because there "are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Further, the defendant must overcome the strong presumption that the challenged action or inaction may have been sound trial strategy. *People v. Sturgeon*, 2019 IL App (4th) 170035, ¶ 83, 126 N.E.3d 703. "Decisions concerning which witnesses to call at trial and what evidence to present on defendant's behalf ultimately rest with trial counsel." *People v. Wilborn*, 2011 IL App (1st) 092802, ¶ 79, 962 N.E.2d 528. "It is well established that these types of decisions are considered matters of trial strategy and are generally immune from claims of ineffective assistance of counsel." *Id.*

¶ 24    "To establish prejudice, a defendant must show that, but for counsel's errors, there is a reasonable probability that the result of the proceeding would have been different." *Sturgeon*, 2019 IL App (4th) 170035, ¶ 84. "[A] reasonable probability that the result would have been different is a probability sufficient to undermine confidence in the outcome—or put another way, that counsel's deficient performance rendered the result of the trial unreliable or fundamentally unfair." *People v. Evans*, 209 Ill. 2d 194, 220, 808 N.E.2d 939, 953-54 (2004).

¶ 25    The trial court's dismissal of a postconviction petition at the first stage is reviewed *de novo*. *People v. Boykins*, 2017 IL 121365, ¶ 9, 93 N.E.3d 504. Likewise, claims of

ineffective assistance of counsel are reviewed *de novo*. *People v. Westfall*, 2018 IL App (4th) 150997, ¶ 64, 115 N.E.3d 1148.

¶ 26                                    B. This Case

¶ 27        We first conclude that it is not arguable that counsel's performance was unreasonable. See *Hodges*, 234 Ill. 2d at 17. At defendant's trial, Simoneaux admitted that she initially told the police that the guns were hers. She also conceded that she told defendant's attorney prior to trial that the guns belonged to her and that the police pressured her into implicating defendant. Accordingly, because of Simoneaux's concessions, counsel could have reasonably concluded that McGowan's expected testimony would be unnecessarily cumulative. Further, counsel may have found McGowan to be an uncooperative or unreliable potential witness. Indeed, McGowan's affidavit stated Simoneux "confessed to owning *one* of the firearms" (emphasis added), potentially undermining defendant's claim that he did not possess any firearm at all. Finally, "[d]ecisions concerning which witnesses to call at trial *** ultimately rest with trial counsel" and "are generally immune from claims of ineffective assistance of counsel." *Wilborn*, 2011 IL App (1st) 092802, ¶ 79. Counsel's decision not to call McGowan in this case was clearly a matter of trial strategy and, therefore, immune from challenge.

¶ 28        In the alternative, we conclude that it is not arguable that defendant was prejudiced by counsel's actions. See *Hodges*, 234 Ill. 2d at 17. Both Milan and Brown testified that on April 1, 2013, a black male driving a blue SUV pointed a gun at them. Milan testified that she called the police and that the vehicle's license plate included the word "TOOTSR." Officer Claypool saw a blue SUV that matched Milan's description and included the word "TOOTSR" on its license plate. Defendant—a black male—was the driver of this vehicle. Claypool tried to pull over this vehicle, but it sped away. Simoneaux also testified that on April 1, 2013, she was riding

in defendant's vehicle when he began speeding away from the police. She said that defendant asked her to place two handguns into her purse. She stated that she complied with this request because she was scared and that defendant pulled over his vehicle after she put the guns in her purse.

¶ 29 In essence, notwithstanding the weaknesses of Simoneaux's testimony, the evidence against defendant was overwhelming. Further, Simoneaux openly admitted that she originally told the police and defendant's attorney that she was the owner of the guns. The jury was well informed of Simoneaux's inconsistent statements and various motives to testify favorably for the State. Thus, there is no basis for defendant's argument that McGowan's testimony could have possibly changed the outcome of the trial. For that reason, we conclude that it is not arguable that defendant was prejudiced by counsel's actions.

¶ 30 Finally, because the trial court dismissed defendant's petition within 90 days of it being filed, defendant's petition was not automatically required to be advanced to the second stage. *Johnson*, 401 Ill. App. 3d at 691.

¶ 31                                     III. CONCLUSION

¶ 32 For the reasons stated, we agree with OSAD that no meritorious issue could be raised on appeal. We therefore grant OSAD's motion to withdraw as appellate counsel and affirm the trial court's dismissal of defendant's postconviction petition.

¶ 33 Affirmed.