2024 IL App (2d) 230079
No. 2-23-0079
Opinion filed October 8, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 14-CF-1216 |
| JAMES BELL, | ) ) | Honorable David P. Kliment, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HUTCHINSON delivered the judgment of the court, with opinion.
Justices Schostok and Mullen concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, James Bell, appeals the dismissal for want of prosecution of his amended postconviction petition at the second stage of postconviction proceedings. At issue is whether a postconviction petition may be dismissed for want of prosecution at the second stage of proceedings and, if so, whether the trial court abused its discretion in doing so. We determine that a petition may be dismissed for want of prosecution and that the trial court did not abuse its discretion. Accordingly, we affirm.

¶ 2                                    I. BACKGROUND

¶ 3    In February 2016, defendant was convicted of one count of aggravated domestic battery (720 ILCS 5/12-3.3(a) (West 2014)) and two counts of domestic battery (*id.* § 12-3.2(a)(1)). The

domestic battery counts merged with the aggravated domestic battery count, and, in September 2016, defendant was sentenced to serve 85% of a seven-year prison term.

¶ 4    In February 2020, defendant, while in custody, petitioned *pro se* for leave to file a late postconviction petition. The petition for leave to file incorporated the proposed postconviction petition. A few days later, the case was assigned to a judge. No further action was taken on the petition for leave to file.

¶ 5    At the end of December 2020, defendant mailed a letter to the clerk of the circuit court, requesting an update on his petition for leave to file. On February 2, 2021, an order was entered advancing defendant's postconviction petition to the second stage of postconviction proceedings and appointing counsel to represent defendant. From March to June 2021, the case was continued three times, with defendant's presence waived.

¶ 6    In September 2021, defendant mailed another letter to the clerk of the circuit court. He inquired about the status of his petition and asked for postconviction counsel's contact information. Defendant indicated that he had spoken once to counsel on the phone. Later that month, the case was continued.

¶ 7    On December 15, 2021, defendant's presence in court was waived. Postconviction counsel advised the trial court that he and defendant had discussed potential postconviction claims. Counsel asked for a continuance to prepare an amended petition.

¶ 8    On March 23, 2022, defendant's presence in court was waived. Postconviction counsel asked for another continuance, advising the trial court that he had talked to defendant and did not believe there would be "too many issues" to include in the amended petition.

¶ 9    On August 10, 2022, postconviction counsel advised the trial court that defendant was released from custody in July 2022 and was currently serving his term of mandatory supervised

release (MSR). According to the Department of Corrections' website, of which we may take judicial notice (see *People v. Young*, 355 Ill. App. 3d 317, 321 n.1 (2005)), defendant remains out of custody serving his term of MSR. See *Internet Inmate Status*, Ill. Dep't of Corr., https://www.idoc.state.il.us/subsections/search/inms_print.asp?idoc=N64001 (last visited Sept. 25, 2024) [https://perma.cc/TXM8-4K4T]. Counsel told the court that he needed to reach defendant but did not have his contact information. Counsel expected that defendant would call him, or he would get the contact information from defendant's parole officer. Counsel intended to file an amended petition but needed to investigate one final issue defendant raised during a conversation before his release. Counsel anticipated that the matter would be resolved quickly. The case was continued, with the order providing that defendant must be present on the next court date.

¶ 10    On October 26, 2022, the next court date, defendant failed to appear. Postconviction counsel told the trial court that he had defendant's contact information but could not reach him. Counsel asked for a continuance, advising the court that he would "file what [he] [had]" on the next court date if he could not contact defendant. The court said that it would not now issue a warrant for defendant, but it stressed that defendant must appear on the next court date.

¶ 11    On November 30, 2022, the next court date, defendant again failed to appear in court. Postconviction counsel advised the trial court that he could not find defendant. Counsel affirmed that he had made several attempts to contact defendant, including by letter. Counsel also had sent defendant the amended petition counsel intended to file. Counsel knew that defendant had reviewed the amended petition, because defendant sent counsel some notes about it. Counsel told the court that, because defendant had not appeared in court, counsel was seeking leave to incorporate defendant's *pro se* petition into counsel's amended petition. Counsel considered

himself at a "stalemate" and advised the court that he could file the amended petition now or wait until he could contact defendant. The court granted counsel leave to file the amended petition. The State then asked for a "short date" to assign the case to an attorney in its postconviction unit. The State also asked the court to include in its order that defendant was required to appear on the next court date. The court did as the State requested, setting January 11, 2023, as the next court date.

¶ 12    In December 2022, postconviction counsel filed an amended petition, which incorporated defendant's *pro se* petition. Counsel also filed a certificate under Illinois Supreme Court Rule 651(c) (eff. July 1, 2017).

¶ 13    On January 11, 2023, defendant again failed to appear in court. Postconviction counsel advised the trial court that he had obtained defendant's address and phone number from the parole department but still could not reach defendant to tell him he had to appear in court. Counsel asserted that he knew that defendant's phone number was correct. Counsel also knew that defendant's address was correct, because the mail he sent defendant was not returned. Again, unsure how to proceed, counsel said that he was agreeable to continuing the case for a motion to dismiss or, alternatively, until defendant was found. Although reluctant to assign the case to an assistant state's attorney while defendant was failing to appear on his petition, the State agreed to a continuance, informing the court that it would need six months to file a responsive pleading. The court then advised the parties that it would *sua sponte* dismiss the amended petition for want of prosecution if defendant failed to appear in court on the next court date.

¶ 14    On February 1, 2023, the next court date, defendant failed to appear in court. Postconviction counsel advised the trial court that he could not reach defendant at the address and phone number the parole department provided. Counsel recalled that the court had said it would *sua sponte* dismiss the amended petition if defendant failed to appear on February 1. Counsel

objected to dismissing a postconviction petition for want of prosecution at the second stage of postconviction proceedings without a motion to dismiss from the State. The court asked the State if it filed a motion to dismiss, and the State replied that it did not, as the court had indicated that it would dismiss the amended petition on its own motion if defendant failed to appear. The State then said that, "to [the] extent" the court wanted a motion, the State was orally moving to dismiss the amended petition for want of prosecution. The court granted the State's motion.

¶ 15                                    II. ANALYSIS

¶ 16      As an initial matter, we address a jurisdictional issue, which is also a small preview of the merits of this appeal. Defendant filed a notice of appeal on March 2, 2023, and never sought to reinstate his petition. While the appeal was pending in this court, the one-year refiling period under section 13-217 of the Code of Civil Procedure (Code) (735 ILCS 5/13-217 (West 2022)) expired. At that point, the dismissal for want of prosecution became a final and appealable judgment. See, *e.g.*, *People v. Simms*, 2018 IL 122378, ¶¶ 46-47 (a postconviction petition must be refiled or reinstated within one year, and, if no petition is filed within one year, the dismissal of the petition becomes a final order); *S.C. Vaughan Oil Co. v. Caldwell, Troutt & Alexander*, 181 Ill. 2d 489, 508-09 (1998) ("[A]fter the period for refiling provided by section 13-217 [of the Code] expires, a [dismissal for want of prosecution] order operates as a termination of the litigation between the parties, and constitutes a final and appealable order."). On the assumption that section 13-217 of the Code applies to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)), on February 20, 2024, this court ordered defendant to file an amended notice of appeal within 30 days of February 1, 2024, or his appeal could be dismissed. Because defendant timely filed an amended notice, our jurisdiction has been firmly established, and we can proceed to the merits.

¶ 17    Of course, one of the core questions of this appeal is *whether* section 13-217 of the Code applies to proceedings under the Act, so that a petition may be dismissed for want of prosecution or voluntarily withdrawn. We determine that it does.

¶ 18    We review *de novo* the dismissal of a second-stage postconviction petition and questions of statutory interpretation. See *People v. Harris*, 224 Ill. 2d 115, 123 (2007). The Act "provides a mechanism by which those under criminal sentence in this state can assert that their convictions were the result of a substantial denial of their rights under the United States Constitution or the Illinois Constitution or both." *People v. Coleman*, 183 Ill. 2d 366, 378-79 (1998). The Act directs the trial court to dismiss a postconviction petition within 90 days after filing if the court, reviewing the petition without the State's input (*People v. House*, 2021 IL 125124, ¶ 16), determines that the petition "is frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2022). If the petition is not dismissed or otherwise ruled upon within 90 days, it advances to the second stage of postconviction proceedings, where counsel may be appointed and the State may move to dismiss the petition. *Harris*, 224 Ill. 2d at 129.

¶ 19    Here, defendant filed a *pro se* postconviction petition while in prison. The petition was not ruled on within 90 days after it was filed. Accordingly, the petition advanced to the second stage of postconviction proceedings, and postconviction counsel was appointed to represent defendant. After defendant was released on MSR, he never appeared in court, and the only contact postconviction counsel had with defendant was his mailed feedback on counsel's proposed amended petition. Eventually, counsel filed the amended petition on defendant's behalf. Defendant failed to appear for the next two status dates (January 11 and February 1, 2023), and counsel remained unable to contact him. At the January 11 hearing, the trial court admonished counsel that it would *sua sponte* dismiss the amended petition for want of prosecution if defendant did not

appear on the next status date. When defendant did not appear on February 1, the State orally moved to dismiss the amended petition for want of prosecution, and the trial court granted that motion.

¶ 20    Although postconviction petitions may be filed only by defendants who have been convicted of a crime and are "imprisoned in the penitentiary" (see 725 ILCS 5/122-1(a)(1) (West 2022)), proceedings on postconviction petitions are civil in nature (*People v. English*, 381 Ill. App. 3d 906, 909 (2008)). See *People v. Johnson*, 191 Ill. 2d 257, 270 (2000) ("A post-conviction proceeding is not part of the criminal process. Rather, it is a collateral attack on the judgment of conviction and is civil in nature."). "Because postconviction proceedings are 'civil in nature' [citations], a court may enter an order in postconviction proceedings 'as is generally provided in civil cases.' " *English*, 381 Ill. App. 3d at 909 (quoting 725 ILCS 5/122-5 (West 2004)).

¶ 21    "Under Illinois law, trial courts have the power to dismiss civil actions 'for inexcusable delay and lack of diligence,' which is referred to as a dismissal for want of prosecution." *People v. Kruger*, 2015 IL App (4th) 131080, ¶ 11 (quoting *City of Crystal Lake v. Sak*, 52 Ill. App. 3d 684, 688 (1977)). It is axiomatic that parties who initiate court proceedings "have a nondelegable duty to take all necessary steps to bring their actions to a prompt conclusion." *Minikon v. Escobedo*, 324 Ill. App. 3d 1073, 1080 (2001). " 'Although there is a preference for resolving cases on the merits [citation], a trial court may dismiss a civil action due to the [litigant's] failure to prosecute with due diligence in order to manage the court's docket and avoid unnecessary burdens on the court and [other] parties.' " *In re Estate of Young*, 2020 IL App (2d) 190392, ¶ 17 (quoting *Illinois Bone & Joint Institute v. Kime*, 396 Ill. App. 3d 881, 883 (2009)). A court's authority to dismiss a case is considered an " 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own dockets so as to achieve the orderly and

expeditious disposition of cases." *Nicholson v. Chicago Bar Ass'n*, 233 Ill. App. 3d 1040, 1045 (1992). As we have noted before, at common law, courts have "always" had such authority. *In re Estate of Young*, 2020 IL App (2d) 190392, ¶ 17.

¶ 22    Defendant argues that, once a petition is advanced to the second stage, an involuntary dismissal may be entered only upon written motion of the State "directed *** at the claims in the *** petition." Emphasizing the word "shall," defendant relies on section 122-5 of the Act (725 ILCS 5/122-5 (West 2022)), which provides that, within 30 days of a petition's docketing for second-stage proceedings, or with additional time by leave of court, "the State shall answer or move to dismiss." Further, invoking the principle of lenity, defendant suggests that, to the extent the Act is ambiguous, it should be construed in his favor. We disagree.

¶ 23    True enough, as defendant points out, no provision of the Act directly authorizes a dismissal without prejudice, but that does not end our inquiry. Postconviction proceedings and the Act do not exist apart from our state's court system or its legal framework, such as the Code. The Act, for example, does not explain how or even which discovery rules apply to postconviction proceedings, yet our supreme court held that "a circuit court nonetheless has inherent discretionary authority to order discovery in post-conviction proceedings." *People v. Simpson*, 204 Ill. 2d 536, 548 (2001); see *People ex rel. Daley v. Fitzgerald*, 123 Ill. 2d 175, 183 (1988) ("we do not believe that the absence from the criminal discovery rules of any reference to post-conviction matters was intended to eliminate the inherent authority of the circuit courts in that regard").

¶ 24    Furthermore, in *Simms*, 2018 IL 122378, our supreme court held that the one-year reinstatement provision in section 13-217 of the Code (735 ILCS 5/13-217 (West 2022)) applies to postconviction petitions that are voluntarily withdrawn. However, the court observed that "those petitioners who choose this procedural option, rather than working to amend existing petitions in

ongoing proceedings, are bound by its limitations, one of which is required refiling or reinstatement within one year or the remaining limitation period." *Simms*, 2018 IL 122378, ¶ 47.

¶ 25    The same logic applies here. Nothing in the Act precludes a trial court from exercising in postconviction proceedings its inherent power to dismiss a civil action for want of prosecution. Admittedly, the Act implies that, once a postconviction petition is docketed for second-stage review, the trial court may no longer *sua sponte* dismiss it as frivolous or patently without merit. However, a dismissal for want of prosecution is not based on the petition's merit; it is based on the petitioner's failure to appear in court and press his claims.

¶ 26    Defendant's assertion that the State's motion to dismiss at the second stage *must* be aimed at the substantive merits of the petition overlooks well-established precedent that the State's motion may raise meaningful procedural issues, such as the petition's timeliness. See *People v. Perkins*, 229 Ill. 2d 34, 48 (2007). That said, defendant's assertion also misses one other point. The fact that the State may file a motion to dismiss at the second stage does not mean that the trial court cannot *sua sponte* dismiss a postconviction petition at that stage. We recognize that the State's oral motion to dismiss at the February 1, 2023, status date would be a nullity under case law holding that the State's motion to dismiss at the second stage must be in writing (see *People v. Jackson*, 2015 IL App (3d) 130575, ¶¶ 21-22). However, even if the State's motion was improper, there was no prejudice to defendant. The court had said at the January 11, 2023, status date that it would *sua sponte* dismiss defendant's petition if he did not appear on February 1, the next status date. When defendant did not appear and the State moved to dismiss for want of prosecution, the court granted that motion. In granting the motion, the court simply did what it had planned and was authorized to do on its own initiative.

¶ 27    In interpreting the Act to allow second-stage dismissals for want of prosecution, we note the heavy burdens trial courts would bear if they lacked the power to dismiss abandoned postconviction petitions. Keeping such petitions on the docket strains already limited government resources and jeopardizes the timely review of more meritorious claims. See *International Union of Operating Engineers, Local 148 v. Illinois Department of Employment Security*, 215 Ill. 2d 37, 50 (2005) (acknowledging that judicial resources are scarce); *People v. Barry*, 2023 IL App (2d) 220324, ¶ 21 ("judicial resources are limited" (internal quotation marks omitted)); *People v. Alexander*, 2014 IL App (4th) 130132, ¶ 51 (noting that "the supreme court favors the efficient expenditure of judicial resources"); *People v. Austin*, 2014 IL App (4th) 140408, ¶ 23 (frivolous postconviction petitions "waste[ ] time, money, and resources" and "strain[ ] the [justice] system's financial and human resources and make[ ] it less likely that meritorious claims will be detected and appropriately resolved"). Moreover, we stress that, if a defendant whose postconviction petition is dismissed for want of prosecution truly desires to pursue his claims, his due process rights are preserved by his ability to refile the petition within one year after its dismissal. See 735 ILCS 5/13-217 (West 2022).

¶ 28    Having determined that a trial court has the authority to dismiss a postconviction petition for want of prosecution at the second stage of proceedings, we address whether the trial court properly exercised that authority here. "The determination of whether or not to dismiss a case for want of prosecution is governed by the particular facts of the case and rests within the trial court's sound discretion." *Kruger*, 2015 IL App (4th) 131080, ¶ 11. An abuse of discretion occurs only if no reasonable person could agree with the position the trial court took. *Brax v. Kennedy*, 363 Ill. App. 3d 343, 355 (2005).

¶ 29     We determine that the trial court did not abuse its discretion in dismissing defendant's amended petition for want of prosecution. Four years after defendant was convicted and sentenced to what essentially amounted to just under six years' imprisonment, he petitioned for postconviction relief. One year later, his petition advanced to the second stage of postconviction proceedings because it was not ruled on within 90 days. During the next 17 months, defendant remained in custody and appointed postconviction counsel worked with defendant to prepare an amended postconviction petition. However, once defendant was released from custody in July 2022 and started serving his term of MSR, his contact with counsel was minimal. From August 10, 2022, to January 11, 2023, defendant's case was continued five times. Each time the case was continued, defendant was ordered to appear in court. Counsel—who presumably had correct contact information for defendant, because his term of MSR was never revoked—repeatedly tried to communicate with defendant to tell him he had to appear. See 730 ILCS 5/3-3-7(a)(3), (a)(4) (West 2022) (conditions of MSR include the defendant "report[ing] to an agent of the Department of Corrections" and "permit[ting] the agent to visit him or her at his or her home, employment, or elsewhere to the extent necessary for the agent to discharge his or her duties"). Defendant failed to appear in court for six months and never provided his attorney or the court with a reason why he could not be present. Given that a reasonable person could conclude that defendant abandoned the amended petition through his inaction, we determine that the court did not abuse its discretion when it dismissed the amended petition for want of prosecution.

¶ 30                           III. CONCLUSION

¶ 31     For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 32     Affirmed.

*People v. Bell*, **2024 IL App (2d) 230079**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Kane County, No. 14-CF-1216; the Hon. David P. Kliment, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Thomas A. Lilien, and Lucas Walker, of State Appellate Defender's Office, of Elgin, for appellant. |
| **Attorneys for Appellee:** | Jamie L. Mosser, State's Attorney, of St. Charles (Patrick Delfino, Edward R. Psenicka, and Richard S. London, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |