2025 IL App (2d) 240682-U
No. 2-24-0682
Order filed December 8, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 16-CF-3018 |
| WILLIE C. JACKSON, | ) ) ) | Honorable George D. Strickland, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE JORGENSEN delivered the judgment of the court.
Justices McLaren and Hutchinson concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Defendant's appeal from the summary dismissal of his postconviction petition must be dismissed, where appellate counsel filed a motion to withdraw instead of moving to file a late notice of appeal and the time for a motion to file a late notice of appeal expired due to defendant's request for an extension of time to reply to the motion of withdraw.

¶ 2    Defendant, Willie C. Jackson, appeals from an order denying his *pro se* petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)).  We dismiss the appeal.

¶ 3                                    I. BACKGROUND

¶ 4      After a jury trial, defendant was convicted of first-degree murder (720 ILCS 5/9-1(a)(2) (West 2016)) in connection with the death of Daviontay Jackson from multiple gunshot wounds. At trial, defendant testified that he shot Jackson because Jackson had been waving a firearm around and acting belligerently.  The jury was instructed on (1) self-defense and (2) second-degree murder as defined in section 9-2(a)(2) of the Criminal Code of 2012 (Code) (*id.* § 9-2(a)(2)), which provides:

> "(a) A person commits the offense of second degree murder when he or she commits the offense of first degree murder as defined in paragraph (1) or (2) of subsection (a) of Section 9-1 of this Code and either of the following mitigating factors are present:
>
> ***
>
> (2) at the time of the killing he or she believes the circumstances to be such that, if they existed, would justify or exonerate the killing under the principles stated in Article 7 of this Code, but his or her belief is unreasonable."

¶ 5      At defendant's sentencing hearing, a developmental psychologist testified that defendant's childhood experiences of physical assault and sexual abuse resulted in a "war zone" attitude, featuring hypersensitivity to threats.  Defendant was sentenced to a 36-year prison term.

¶ 6      On direct appeal, defendant, represented by the Office of the State Appellate Defender (OSAD), argued that (1) his conviction should be reduced to second-degree murder, (2) the trial court should have granted his pretrial motion to suppress his statements to police, and (3) his sentence was excessive.  See generally *People v. Jackson*, 2022 IL App (2d) 210186-U.  We affirmed defendant's conviction and sentence.  *Id.* ¶ 131.

¶ 7    On July 5, 2024, defendant filed his *pro se* petition for relief under the Act. In his petition, defendant claimed that trial counsel rendered ineffective assistance by failing to request an instruction on second-degree murder as defined in section 9-2(a)(1) of the Code (720 ILCS 5/9-2(a)(1) (West 2016)) and that counsel on direct appeal rendered ineffective assistance by failing to raise trial counsel's ineffectiveness in that respect. Defendant also claimed that trial counsel rendered ineffective assistance by failing to present psychiatric evidence at trial in support of his self-defense claim. However, as to this second issue, defendant *did not* claim that appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness. On September 26, 2024, the trial court summarily dismissed the petition. See *id.* § 122-2.1.

¶ 8    More than 30 days later, on October 30, 2024, defendant filed a *pro se* notice of appeal. The trial court appointed OSAD to represent defendant. A notice of appeal was forwarded to the appellate court. An order appointing OSAD was dated November 6, 2024; however, no action was taken on this appeal for five months.

¶ 9    On March 18, 2025, appellate counsel filed a motion per *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and *People v. Lee*, 251 Ill. App. 3d 63 (1993), to withdraw as counsel. Counsel noted that defendant failed to file a timely notice of appeal. Counsel advised:

> "Ordinarily, counsel would attempt to cure this defect by filing a motion for leave to file [a] late notice of appeal. However, counsel cannot assert, pursuant to Supreme Court Rule 606(c), that the appeal has merit. Therefore, rather than file a motion for leave to file [a] late notice of appeal, counsel is filing the instant motion for leave to withdraw as counsel on appeal."

¶ 10    Counsel stated that he advised defendant of his opinion that the appeal lacked arguable merit. Counsel supported his motion with a memorandum of law providing a statement of facts, a

list of potential issues, and arguments as to why those issues lacked arguable merit. We advised defendant that he had 30 days to respond to counsel's motion to withdraw. On April 21, 2025, defendant moved for an extension of time to file his response. We extended the response deadline to June 23, 2025. On June 24, 2025, defendant moved for another extension. We granted the motion, extending the response deadline to September 23, 2025. Defendant ultimately did not file a response.

¶ 11                                        II. ANALYSIS

¶ 12       Regardless of the reason for the intervening lapses of time since entry of the final judgment in this case, the last opportunity for filing a late notice of appeal has passed. We therefore determine we lack jurisdiction over this appeal and must dismiss it. Although postconviction proceedings are considered to be civil proceedings (*People v. Bell*, 2024 IL App (2d) 230079, ¶ 20), appeals in postconviction proceedings are governed by the rules applicable to appeals in criminal proceedings (Ill. S. Ct. R. 651(d) (eff. July 1, 2017)). Appeals in criminal cases are perfected by filing a notice of appeal with the clerk of the circuit court. Ill. S. Ct. R. 606(a) (eff. Apr. 15, 2024). As pertinent here, "the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from." Ill. S. Ct. R. 606(b) (eff. Apr. 15, 2024). It is well established that " '[t]he timely filing of a notice of appeal is both jurisdictional and mandatory.' " *People v. Tapp*, 2012 IL App (4th) 100664, ¶ 3 (quoting *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill.2d 209, 213 (2009)). "Unless the appealing party has properly filed a notice of appeal, a reviewing court lacks jurisdiction over the appeal and must dismiss it." *Id.* Moreover, we may not address the merits of an appeal over which we lack jurisdiction. *Cf. People v. Vara*, 2018 IL 121823, ¶ 30 ("Where the appellate court has

addressed the merits of a case over which it had no jurisdiction, we must vacate that court's judgment and dismiss the appeal.")

¶ 13    A criminal defendant's failure to file a timely notice of appeal does not necessarily doom all chance for an appeal.  As counsel notes, Illinois Supreme Court Rule 606(c) (eff. Apr. 15, 2024), permits us to extend the time for filing the notice of appeal.  That rule provides, in pertinent part:

> "[O]n motion supported by a showing of reasonable excuse for failing to file a notice of appeal on time filed in the reviewing court within 30 days of the expiration of the time for filing the notice of appeal, or on motion supported by a showing by affidavit that there is merit to the appeal and that the failure to file a notice of appeal on time was not due to appellant's culpable negligence, filed in the reviewing court within six months of the expiration of the time for filing the notice of appeal, in either case accompanied by the proposed notice of appeal, the reviewing court may grant leave to appeal and order the clerk to transmit the notice of appeal to the trial court for filing." *Id.*

¶ 14    The 30-day period for defendant to file his notice of appeal expired on October 28, 2024. Defendant's *pro se* notice of appeal, filed on October 30, 2024, was two days late and thus untimely.  But, as defendant was represented by appellate counsel, he was not without remedy. Under Rule 606(c), a motion to file a late notice of appeal could have been filed (1) on or before November 27, 2024, with a showing of reasonable excuse for failing to file a timely notice of appeal, or (2) on or before April 28, 2025, with a showing by affidavit that (a) there was merit to the appeal and (b) the failure to file a timely notice of appeal was not due to defendant's culpable negligence.

¶ 15    Although appellate counsel had been appointed prior to November 27, 2024, counsel did not seek to file a late notice of appeal during the initial 30 days following defendant's tardy *pro se* notice of appeal.

¶ 16    When, on March 18, 2025, counsel filed his motion to withdraw, time remained only for counsel to move for an extension of time to file a late notice of appeal based on a showing that the appeal had merit and defendant was not culpably negligent.  However, perceiving no meritorious basis for the appeal, counsel moved to withdraw, in effect asking us to approve his decision not to seek an extension.  We note that, even after defendant's initial 30-day period to respond to counsel's motion to withdraw lapsed on April 17, 2025, we could have granted or denied counsel's motion to withdraw before the expiration of the six-month period for filing a Rule 606(c) motion. However, because, on April 21, 2025, defendant sought and was granted an extension to file his response to June 23, 2025, a date beyond April 28, 2025, it was too late to extend the time for filing a late notice of appeal. Absent jurisdiction, we have no authority to consider whether counsel's appraisal of the merits of the appeal was correct, nor to rule on his motion to withdraw. Thus, we dismiss this appeal.

¶ 17    Although we dismiss this appeal, we would be remiss if we did not point out the failure of appellate counsel to file a Rule 606(c) motion for extension *within the first 30 days* following defendant's tardy *pro se* notice of appeal.  There is no apparent reason to explain why this was not accomplished.  Thus, regardless of the merits or lack thereof in this appeal, a timely motion to file a late notice of appeal within 30 days could have cured the defect that now negates our jurisdiction and prevents a decision on the merits.

¶ 18    We further note, although we presently lack the power to excuse defendant's failure to file a timely notice of appeal, our supreme court's supervisory authority may empower it to reinstate

this appeal. See *People v. Lyles*, 217 Ill. 2d 210, 217 (2005). Defendant may apply to the supreme court for such relief.

¶ 19                                  III. CONCLUSION

¶ 20     For the reasons stated, we dismiss this appeal.

¶ 21     Appeal dismissed.